UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| AMERICAN ZURICH INSURANCE COMPANY and ZURICH AMERICAN INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>J. CRISMAN PALMER and GUNDERSON, PALMER, NELSON & ASHMORE, LLP,<br><br>Defendants. | Case No.   20-cv-5026<br><br>COMPLAINT |

COME NOW the Plaintiffs, American Zurich Insurance Company and Zurich North American Insurance Company, by and through their counsel of record as shown below, and for their Complaint in the above matter, state the following:

**PARTIES**

1. The Plaintiff, American Zurich Insurance Company, is an Illinois corporation engaged in the insurance business with a statutory home office and a principal place of business in Schaumburg, Illinois.

2. The Plaintiff, Zurich American Insurance Company, is a New York corporation engaged in the insurance business with a statutory home office in New York, New York and a principal place of business in Schaumburg, Illinois. American Zurich Insurance Company and Zurich American Insurance Company will be hereinafter referred to collectively herein as "Zurich."

3. The Defendant, J. Crisman Palmer ("Palmer"), is an individual person who is a citizen and resident of the State of South Dakota.

4. The Defendant, Gunderson, Palmer, Nelson & Ashmore, LLP ("Gunderson Firm") is a domestic Limited Liability Partnership organized and existing under the laws of the State of South Dakota, with a principal place of business in Rapid City, South Dakota.

## JURISDICTION AND VENUE

5. The amount in controversy herein exceeds $75,000.00.

6. The citizenship of the Plaintiffs is entirely diverse from the citizenship of the Defendants herein and jurisdiction therefore exists pursuant to 28 U.S.C § 1332.

7. Venue is proper in this District pursuant to 28 U.S.C § 1391 because all of the Defendants reside in this District and because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## FACTS

8. On February 27, 2015, a Complaint (the "Leichtman Complaint") was filed in this District naming as defendants, among others, Zurich.

9. The Leichtman Complaint was docketed in this Court as No. 15-5012.

10. The named Plaintiff in the Leichtman Complaint was an individual person, a citizen and resident of the State of South Dakota, named Joseph E. Leichtman ("Leichtman").

11. The Leichtman Complaint alleged Leichtman was an employee of Rommesmo Companies d/b/a Dakota Steel & Supply, Inc. between May 2001 and April 2009.

12. The Leichtman Complaint alleged Leichtman was injured in the scope and course of his employment, having suffered a fall on August 29, 2007.

13. The Leichtman Complaint alleged Leichtman suffered a compensable workers' compensation injury as a result of the above described fall.

14. The Leichtman Complaint alleged certain Zurich entities, including the Plaintiffs herein, provided workers' compensation insurance to Leichtman's employer.

15. The Leichtman complaint generally alleged certain Zurich entities, including the Plaintiffs herein, were guilty of "bad faith" with respect to the handling of Leichtman's claim for workers' compensation benefits.

16. Zurich retained Palmer and the Gunderson Firm, as legal counsel, to appear on their behalf in the matter of the Leichtman Complaint, to deny the claim of "bad faith," and to otherwise defend against the Leichtman Complaint.

17. The retention of Palmer and the Gunderson Firm by Zurich established an attorney-client relationship among and between them, and necessarily established that Gunderson and the Palmer Firm owed certain fiduciary duties to Zurich.

18. As counsel for Zurich, Palmer and the Gunderson Firm filed an Answer to the Leichtman Complaint in a filing with this Court on April 30, 2015.

19. Neither Palmer nor the Gunderson Firm alleged any separate and distinct affirmative defenses as part of the Answer to the Leichtman Complaint filed on April 30, 2015.

20. Following the Answer, an Order was entered in the matter of the Leichtman Complaint, setting a deadline of August 31, 2015 for the parties to amend pleadings.

21. On September 7, 2018, Palmer and the Gunderson Firm filed a Motion to Amend the Answer they had filed on behalf of Zurich, seeking to, among other things, add several affirmative defenses never before pled.

22. The Motion to Amend filed by Palmer and the Gunderson Firm was filed more than three years beyond the deadline this Court had imposed for pleading amendments in the matter of the Leichtman Complaint.

23. On August 28, 2019, this Court entered an Order denying the Motion to Amend, stating, among other things, "woefully absent is any explanation for the delay of three years in bringing the motion [to Amend]."

24. At the time Palmer and the Gunderson Firm filed the Motion to Amend, they also filed, as Zurich's counsel, a Motion to Dismiss, asserting that the Leichtman Complaint should be dismissed based on, among other things, the new affirmative defenses of "release" and "res judicata" that the proposed amended Answer was seeking to assert.

25. When considering the Motion to Dismiss, the court refused to consider these affirmative defenses and denied the Motion to Dismiss, finding: "[b]ecause Zurich failed to plead release or res judicata in its original answer, both are deemed waived. As such, the court need not address the merits of either in the current Motion to Dismiss."

26. Because the Motion to Dismiss was denied, Zurich was required to continue defending the case, to the additional detriment and damage to Zurich.

27. The failure of Palmer and the Gunderson Firm to timely assert necessary and dispositive affirmative defenses amounted to legal malpractice and caused significant damage to Zurich, as related to their defense against the Leichtman Complaint.

28. The conduct of Palmer and the Gunderson Firm created a conflict of interest that potentially disqualified them from any further representation of Zurich, and negated the ability of

Zurich to make informed decisions as related to the legal representation they sought from Palmer and the Gunderson Firm, and the defense of the Leichtman Complaint.

## COUNT I – BREACH OF FIDUCIARY DUTY

29. As fiduciaries of Zurich, Palmer and the Gunderson Firm owed a duty to disclose to their clients the legal consequences of their failure to originally file necessary and dispositive affirmative defenses, their untimely delay in seeking an amendment to add necessary and dispositive defenses, and their inability to obtain court intervention to allow for an amendment to add necessary and dispositive affirmative defenses.

30. The duty to disclose owed by Palmer and the Gunderson Firm was ongoing, yet Palmer and the Gunderson Firm failed in making required disclosures to Zurich until the calendar year 2018.

31. Given their failure to disclose these legal consequences, Palmer and the Gunderson Firm breached their fiduciary duties owed to Zurich.

32. These breaches by Palmer and the Gunderson Firm were the cause of damages suffered by Zurich as related to their defense of the Leichtman Complaint.

33. Zurich suffered damages as a result of the breach of fiduciary duties owed to them by Palmer and the Gunderson Firm.

## JURY DEMAND

COME NOW the Plaintiffs, and demand trial by jury of all issues so triable herein.

WHEREFORE, the Plaintiffs pray for relief as follows:

a. For compensatory damages as determined to be appropriate by the fact finder herein as related to their claims stated in Count I; and,

b.        For the Plaintiffs' costs and disbursements herein; and,

c.        For such other and further relief as the Court deems just and equitable in this action.

>WHITFIELD & EDDY, P.L.C.
>699 Walnut Street, Suite 2000
>Des Moines, IA  50309
>Telephone:  (515) 288-6041
>Fax:  (515) 246-1474
>Email: Doohen@whitfieldlaw.com
>
>By   */s/ Stephen E. Doohen*
>       Stephen E. Doohen
>
>ATTORNEYS FOR PLAINTIFFS, AMERICAN ZURICH INSURANCE COMPANY and ZURICH AMERICAN INSURANCE COMPANY

JS 44   (Rev. 09/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
AMERICAN ZURICH INSURANCE COMPANY and ZURICH AMERICAN INSURANCE COMPANY

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Stephen E. Doohen, Whitfield & Eddy, PLC, 699 Walnut Street, Suite 2000, Des Moines, IA 50309; 515-288-6041

## DEFENDANTS
J. CRISMAN PALMER and GUNDERSON, PALMER, NELSON & ASHMORE, LLP

County of Residence of First Listed Defendant **Pennington**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [ ] 3  Federal Question *(U.S. Government Not a Party)*
- [X] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | [X] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [X] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [X] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | **SOCIAL SECURITY** | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | [ ] 861 HIA (1395ff) | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [X] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | [ ] 862 Black Lung (923) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 850 Securities/Commodities/ Exchange |
| | [ ] 362 Personal Injury - Medical Malpractice | | [ ] 790 Other Labor Litigation | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C § 1332; 28 U.S.C § 1391
Brief description of cause:
**breach of fiduciary duty**

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ **in excess of $75,000**

CHECK YES only if demanded in complaint:
JURY DEMAND:   [X] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE  US Magistrate Judge Daneta Wollmann
DOCKET NUMBER  5:15-cv-05012-JLV

DATE  04/20/2020

SIGNATURE OF ATTORNEY OF RECORD
**/s/ Stephen E. Doohen**

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE