UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| AMERICAN ZURICH INSURANCE COMPANY and ZURICH AMERICAN INSURANCE COMPANY,<br><br>　　　Plaintiffs,<br><br>v.<br><br>J. CRISMAN PALMER and GUNDERSON, PALMER, NELSON & ASHMORE, LLP,<br><br>　　　Defendants. | Case No. 5:20-cv-05026-KES<br><br><br>FIRST AMENDED COMPLAINT |

COME NOW the Plaintiffs, American Zurich Insurance Company and Zurich North American Insurance Company, by and through their counsel of record as shown below, and for their First Amended Complaint in the above matter, state the following:

**<u>PARTIES</u>**

1.　　The Plaintiff, American Zurich Insurance Company, is an Illinois corporation engaged in the insurance business with a statutory home office and a principal place of business in Schaumburg, Illinois.

2.　　The Plaintiff, Zurich American Insurance Company, is a New York corporation engaged in the insurance business with a statutory home office in New York, New York and a principal place of business in Schaumburg, Illinois.  American Zurich Insurance Company and Zurich American Insurance Company will be hereinafter referred to collectively herein as "Zurich."

3.    The Defendant, J. Crisman Palmer ("Palmer"), is an individual person who is a citizen and resident of the State of South Dakota.

4.    The Defendant, Gunderson, Palmer, Nelson & Ashmore, LLP ("Gunderson Firm") is a domestic Limited Liability Partnership organized and existing under the laws of the State of South Dakota, with a principal place of business in Rapid City, South Dakota.

## JURISDICTION AND VENUE

5.    The amount in controversy herein exceeds $75,000.00.

6.    The citizenship of the Plaintiffs is entirely diverse from the citizenship of the Defendants herein and jurisdiction therefore exists pursuant to 28 U.S.C § 1332.

7.    Venue is proper in this District pursuant to 28 U.S.C § 1391 because all of the Defendants reside in this District and because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## FACTS

8.    On February 27, 2015, a Complaint (the "Leichtman Complaint") was filed in this District naming as defendants, among others, Zurich.

9.    The Leichtman Complaint was docketed in this Court as No. 15-5012.

10.    The named Plaintiff in the Leichtman Complaint was an individual person, a citizen and resident of the State of South Dakota, named Joseph E. Leichtman ("Leichtman").

11.    The Leichtman Complaint alleged Leichtman was an employee of Rommesmo Companies d/b/a Dakota Steel & Supply, Inc. between May 2001 and April 2009.

12.    The Leichtman Complaint alleged Leichtman was injured in the scope and course of his employment, having suffered a fall on August 29, 2007.

- 2 -

13.     The Leichtman Complaint alleged Leichtman suffered a compensable workers' compensation injury as a result of the above described fall.

14.     The Leichtman Complaint alleged certain Zurich entities, including the Plaintiffs herein, provided workers' compensation insurance to Leichtman's employer.

15.     The Leichtman complaint generally alleged certain Zurich entities, including the Plaintiffs herein, were guilty of "bad faith" with respect to the handling of Leichtman's claim for workers' compensation benefits.

16.     Zurich retained Palmer and the Gunderson Firm, as legal counsel, to appear on their behalf in the matter of the Leichtman Complaint, to deny the claim of "bad faith," and to otherwise defend against the Leichtman Complaint.

17.     The retention of Palmer and the Gunderson Firm by Zurich established an attorney-client relationship among and between them, and necessarily established that Gunderson and the Palmer Firm owed certain fiduciary duties to Zurich.

18.     As counsel for Zurich, Palmer and the Gunderson Firm filed an Answer to the Leichtman Complaint in a filing with this Court on April 30, 2015.

19.     Neither Palmer nor the Gunderson Firm alleged any separate and distinct affirmative defenses as part of the Answer to the Leichtman Complaint filed on April 30, 2015.

20.     Following the Answer, an Order was entered in the matter of the Leichtman Complaint, setting a deadline of August 31, 2015 for the parties to amend pleadings.

21.     On September 7, 2018, Palmer and the Gunderson Firm filed a Motion to Amend the Answer they had filed on behalf of Zurich, seeking to, among other things, add several affirmative defenses never before pled.

22.     The Motion to Amend filed by Palmer and the Gunderson Firm was filed more than three years beyond the deadline this Court had imposed for pleading amendments in the matter of the Leichtman Complaint.

23.     On August 28, 2019, this Court entered an Order denying the Motion to Amend, stating, among other things, "woefully absent is any explanation for the delay of three years in bringing the motion [to Amend]."

24.     At the time Palmer and the Gunderson Firm filed the Motion to Amend, they also filed, as Zurich's counsel, a Motion to Dismiss, asserting that the Leichtman Complaint should be dismissed based on, among other things, the new affirmative defenses of "release" and "res judicata" that the proposed amended Answer was seeking to assert.

25.     When considering the Motion to Dismiss, the court refused to consider these affirmative defenses and denied the Motion to Dismiss, finding:  "[b]ecause Zurich failed to plead release or res judicata in its original answer, both are deemed waived.  As such, the court need not address the merits of either in the current Motion to Dismiss."

26.     Because the Motion to Dismiss was denied, Zurich was required to continue defending the case, to the additional detriment and damage to Zurich.

27.     The failure of Palmer and the Gunderson Firm to timely assert necessary and dispositive affirmative defenses amounted to legal malpractice and caused significant damage to Zurich, as related to their defense against the Leichtman Complaint.

28.     The conduct of Palmer and the Gunderson Firm created a conflict of interest that potentially disqualified them from any further representation of Zurich, and negated the ability of

Zurich to make informed decisions as related to the legal representation they sought from Palmer and the Gunderson Firm, and the defense of the Leichtman Complaint.

## COUNT I – BREACH OF FIDUCIARY DUTY

29.     Zurich hereby incorporates all preceding allegations, paragraphs 1 through 28 inclusive, into Count I of the First Amended Complaint as though fully set forth herein.

30.     As fiduciaries of Zurich, Palmer and the Gunderson Firm owed a duty to disclose to their clients the legal consequences of their failure to originally file necessary and dispositive affirmative defenses, their untimely delay in seeking an amendment to add necessary and dispositive defenses, and their inability to obtain court intervention to allow for an amendment to add necessary and dispositive affirmative defenses.

31.     The duty to disclose owed by Palmer and the Gunderson Firm was ongoing, yet Palmer and the Gunderson Firm failed in making required disclosures to Zurich until the calendar year 2018.

32.     Given their failure to disclose these legal consequences, Palmer and the Gunderson Firm breached their fiduciary duties owed to Zurich.

33.     These breaches by Palmer and the Gunderson Firm were the cause of damages suffered by Zurich as related to their defense of the Leichtman Complaint.

34.     Zurich suffered damages as a result of the breach of fiduciary duties owed to them by Palmer and the Gunderson Firm.

## JURY DEMAND

COME NOW the Plaintiffs, and demand trial by jury of all issues so triable herein.

WHEREFORE, the Plaintiffs pray for relief as follows:

a.      For compensatory damages as determined to be appropriate by the fact finder herein

as related to their claims stated in Count I; and,

b.      For the Plaintiffs' costs and disbursements herein; and,

c.      For such other and further relief as the Court deems just and equitable in this action.

WHITFIELD & EDDY, P.L.C.
699 Walnut Street, Suite 2000
Des Moines, IA  50309
Telephone:  (515) 288-6041
Fax:  (515) 246-1474
Email: Doohen@whitfieldlaw.com


By ____*/s/ Stephen E. Doohen*_____
        Stephen E. Doohen

ATTORNEYS FOR PLAINTIFFS, AMERICAN
ZURICH INSURANCE COMPANY and ZURICH
AMERICAN INSURANCE COMPANY