UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| AMERICAN ZURICH INSURANCE COMPANY and ZURICH AMERICAN INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>J. CRISMAN PALMER and GUNDERSON, PALMER, NELSON & ASHMORE, LLP,<br><br>Defendants. | Case No. 20-cv-5026<br><br>**ATTORNEY DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS** |

Pursuant to Fed. R. Civ. P. 56(c), Attorney Defendants, J. Crisman Palmer ("Palmer") and Gunderson Palmer, Nelson & Ashmore, LLP, submit that the following facts are undisputed:

1. Joseph Leichtnam's ("Leichtnam") workers' compensation claim arose when he was injured (the "injury") on August 29, 2007, while working in Rapid City, South Dakota. (Palmer Depo. at p.16 (attached as Exhibit A); Exhibit 2).[1]

2. Plaintiffs, American Zurich Insurance Company and Zurich American Insurance Company (collectively "Zurich"), provided workers' compensation insurance to Leichtnam's employer at the time of the injury. (Palmer Depo. at p.16; Exhibit 2).

3. Zurich gave Leichtnam workers' compensation benefits after the injury, including payment of his medical expenses. (Palmer Depo. at p.38; Exhibit 9).

---

[1] For the Court's ease of reference, exhibits cited with numbers are deposition exhibits, and the number refers to the exhibit number used at the depositions. Exhibits cited with letters refer to depositions taken in this case. All exhibits are attached to the Affidavit of Kristin N. Derenge Dated February 1, 2023.

4. On February 27, 2015, Leichtnam filed a bad faith claim (the "Bad Faith Claim") against Zurich arising out of Leichtnam's workers' compensation claim. (Palmer Depo. at p.16; Exhibit 2).

5. Zurich retained Attorney Defendants to defend the Bad Faith Claim. (Palmer Depo. at pp.11–12; Exhibit 1; Wagner Depo. at p.31 (attached as Exhibit D); Exhibit 72).

6. Mike Abourezk ("Abourezk") represented Leichtnam on the Bad Faith Claim. (Palmer Depo. at p.16; Exhibit 2).

7. Associate general counsel for Zurich, Dawn Wagner ("Wagner"), was assigned to supervise the Bad Faith Claim and was Palmer's point of contact. (Wagner Depo. at pp.13, 22).

8. On September 24, 2015, Abourezk offered to settle the Bad Faith Claim for $325,000.00 (the "Early Settlement Offer") with Zurich. (Palmer Depo. at pp.69–70; Exhibit 19).

9. On September 25, 2015, Palmer sent the Early Settlement Offer to Wagner. (Wagner Depo. at p.88; Exhibit 89).

10. On January 6, 2016, Wagner emailed Palmer and advised that Zurich was amendable to mediate the Bad Faith Claim. (Palmer Depo. at pp.73–74; Exhibit 23).

11. On October 24, 2016, a mediation of the Bad Faith Claim took place in Rapid City, South Dakota. (Palmer Depo. at p.82; Exhibit 28).

12. At the time of the mediation, Wagner believed the Bad Faith Claim had a reasonable settlement value of $300,000.00 and was prepared to offer that amount to settle the claim at the mediation. (Wagner Depo. at p.134).

13. At the October 24, 2016 mediation, Leichtnam's opening demand was for $2,000,000.00, and the mediation failed. (Wagner Depo. at p.132).

14. Attorney Defendants continued to represent Zurich after the failed mediation until Zurich retained the Hinshaw Culbertson Law Firm ("Hinshaw Attorneys") to take over lead representation in the case in January 2018. (Wagner Depo. at p.148; Exhibit 104).

15. After the Hinshaw Attorneys took on lead representation in January 2018, Attorney Defendants stayed on in a local counsel role only. (Palmer Depo. at p.51).

16. After Hinshaw Attorneys took over lead representation, Zurich settled the Bad Faith Claim with Leichtnam for approximately $2,000,000.00. (Abourezk Depo. at p.128 (attached as Exhibit B)).

17. Zurich filed a Complaint against Attorney Defendants on April 20, 2020, alleging breach of fiduciary duty. (Doc. 1).

18. Zurich later filed a Second Amended Complaint which alleges causes of action against Attorney Defendants for (1) breach of fiduciary duty; and (2) legal malpractice. (Doc. 33).

19. Zurich hired Colin F. Campbell ("Campbell") to provide an expert opinion on the standard of care for its claims against Attorney Defendants. (Campbell Depo. at p.15 (attached as Exhibit F); Exhibit 115).

20. Campbell opines that Palmer failed to abide by Rule of Professional Conduct 1.1, stating that an attorney shall provide competent representation, and Rule of Professional Conduct 1.4, stating that an attorney shall reasonably communicate with a client, by failing to adequately analyze the Bad Faith Claim, prepare defense strategies, and adequately communicate and advise Zurich on developments in the case, which, collectively, Campbell opines is a breach of the standard of care. (Campbell Depo. at p.15; Exhibit 115 at pp.9–10).

21. Campbell opines that Palmer's alleged breaches of the standard of care *caused injury* to Zurich by preventing Palmer from adequately representing Zurich early in the course of

Palmer's representation and before the October 24, 2016 mediation. (Campbell Depo. at pp.15, 32–37; Exhibit 115 at pp.9–10).

22. Campbell opines that the only breaches of the standard of care by Attorney Defendants that *caused injury* to Zurich occurred before the October 24, 2016 mediation. (Campbell Depo. at pp.15, 32–37; Exhibit 115 at pp.9–10).

23. Campbell did not provide an opinion that Palmer committed any breaches of the standard of care that *caused injury* to Zurich after the October 24, 2016 mediation. (Campbell Depo. at pp.15, 32–37; Exhibit 115 at pp.9–10).

24. Campbell did not provide an opinion on whether Attorney Defendants breached the duty of loyalty and/or the duty of confidentiality in his expert report and in his deposition. (Campbell Depo. at pp.15, 32–37; Exhibit 115 at pp.6–10).

Dated this 1st day of February, 2023.

> /s/ Jason R. Sutton
> Jason R. Sutton
> Kristin N. Derenge
> BOYCE LAW FIRM, LLP
> 300 S. Main Avenue
> P.O. Box 5015
> Sioux Falls, SD 57117-5015
> (605) 336-2424
> jrsutton@boycelaw.com
> knderenge@boycelaw.com
> *Attorneys for Defendants*