UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| AMERICAN ZURICH INSURANCE COMPANY and ZURICH AMERICAN INSURANCE COMPANY,<br><br>  Plaintiffs,<br><br>  v.<br><br>J. CRISMAN PALMER and GUNDERSON, PALMER, NELSON & ASHMORE, LLP,<br><br>  Defendants. | Case No. 20-cv-5026<br><br>**ATTORNEY DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO EXCLUDE EXPERT OPINIONS OF COLIN F. CAMPBELL** |

In this legal malpractice case, Plaintiffs, American Zurich Insurance Company and Zurich American Insurance Company (collectively "Zurich"), disclosed Colin F. Campbell ("Campbell") as their expert. Defendants, J. Crisman Palmer ("Palmer") and Gunderson, Palmer, Nelson & Ashmore, LLP ("Attorney Defendants"), move to exclude the opinions of Campbell under Fed. R. Evid. 702 because: (1) Campbell lacks qualifications to opine about the standard of care in South Dakota; and (2) Campbell lacks a reliable foundation for his opinions, making his opinions nothing more than inadmissible speculation.

I.    **Factual Background**[1]

In the Second Amended Complaint, Zurich sued Attorney Defendants under two separate theories: (1) breach of fiduciary duty; and (2) legal malpractice. This case arises out of Attorney Defendants' defense of Zurich in a bad faith case brought by Joe Leichtnam in South Dakota

---

[1] In the interest of brevity, this brief contains an abbreviated discussion of the factual and procedural issues focusing only on the facts relevant to the motion to strike. Attorney Defendants' brief supporting its motion for summary judgment provides a more detailed description of the facts.

1

federal court ("Bad Faith Claim"). Zurich disclosed Campbell as its expert opining on the applicable standard of care. (Exhibit 115).

Campbell is former state court trial judge and a practicing attorney in Arizona. (Exhibit 115). He is licensed in Arizona and California. (Campbell Depo. at p.6).[2] Campbell is not licensed in South Dakota, nor has he ever appeared *pro hac vice* in the state. (Campbell Depo. at 6).[3] Despite never defending an insurance bad faith case, Campbell opines that Palmer breached the applicable standard of care in defending the Bad Faith Claim. (Campbell Depo. at 8).

In preparing his opinion, Campbell did not conduct any specific South Dakota legal research. (Campbell Depo. at pp.16–17, 20–21, 39). Nor did Campbell consult with any South Dakota attorneys regarding the applicable standard of care. (Campbell Depo. at p.39). Instead, Campbell simply reviewed the discovery documents, **some** of the depositions, and then formed his opinions based upon the Model Rules of Professional Conduct and his years of experience. (Exhibit 115; Campbell Depo. at pp.16–17, 20–21).

Despite his utter lack of South Dakota-specific knowledge or research regarding South Dakota law or practice, Campbell conceded that South Dakota-specific issues determine the standard of care in this case:

> Q. Are you considering whether there are any South Dakota-specific aspects of the applicable standard of care in this case?
>
> **A. Well, the circumstances of every case are important, and from what I understand the particular South Dakota aspects, the locality, as your expert refers to it, has to do with this particular lawyer and how he practices.**

---

[2] The deposition of Colin Campbell is attached as Exhibit C to the Affidavit of Kristin N. Derenge Dated February 1, 2023.
[3] Campbell stated that he visited South Dakota one time in the early 1990s, during which he remembered passing through the Little House on the Prairie site in DeSmet, South Dakota, while travelling from Sioux Falls to Rapid City. (Campbell Depo. at p.6).

>   Q       Would you agree with me that that's an appropriate consideration in evaluating the standard of care in this case?
>
>   A.      Yes, I would.

(Campbell Depo. at p.39). Attorney Defendants move to exclude Campbell's opinions because: (1) he is not qualified to opine about the standard of care in South Dakota; and (2) he has no foundation for his opinions about the local standard of care.

**II.    Legal Standard**

"Federal Rule of Evidence 702 governs admissibility of expert testimony." *Lauzon v. Senco Prod., Inc.*, 270 F.3d 681, 686 (8th Cir. 2001). Rule 702 sets forth that a "witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702. The party calling an expert must demonstrate the admissibility of the expert's opinion by a preponderance of the evidence. *Adams v. Toyota Motor Corp.*, 867 F.3d 903, 915 (8th Cir. 2017).

"[U]nder Rule 702 the trial judge acts as a 'gatekeeper' screening evidence for relevance and reliability." *Polski v. Quigley Corp.*, 538 F.3d 836, 838 (8th Cir. 2008). "[T]he district court must . . . function as a gatekeeper who 'separates expert opinion evidence based on good grounds from subjective speculation that masquerades as scientific knowledge.'" *Adams*, 867 F.3d at 916 (quoting *Presley v. Lakewood Engineering & Mfg. Co.*, 553 F.3d 638, 643 (8th Cir. 2009) (omission in original)). "A district court should apply a three-part test when screening testimony under Rule 702. First, evidence based on scientific, technical, or other specialized knowledge must

be useful to the finder of fact in deciding the ultimate issue of fact. This is the basic rule of relevancy. Second, the proposed witness must be qualified to assist the finder of fact. Third, the proposed evidence must be reliable or trustworthy in an evidentiary sense." *Polski*, 538 F.3d at 839. Even if qualified on some matters, experts cannot offer expert opinions outside the scope of their expertise. *See Shipp v. Murphy*, 9 F.4th 694, 701 (8th Cir. 2021). Further, to be reliable and helpful to the jury, expert opinions must have sufficient foundation and they may not be based upon speculation. *See Concord Boat Corp. v. Brunswick Corp.*, 207 F.3d 1039, 1057 (8th Cir. 2000). This Court has broad discretion in exercising its gatekeeping role in guaranteeing that proffered expert testimony is both relevant and reliable. *In re Bair Hugger Forced Air Warming Devices Prod. Liab. Litig.*, 9 F.4th 768, 777 (8th Cir. 2021).

**III.   The Locality Rule Applies to this Case, and as a Result, the Standard of Care is a South Dakota Statewide Standard of Care.**

Here, Zurich offers Campbell's expert testimony regarding the applicable standard of care. Under the facts of this case, as admitted by Campbell himself, the locality rule applies and the applicable standard of care is a statewide standard of care.

The South Dakota Supreme Court in *Hamilton v. Sommers*, 2014 SD 76, 855 N.W.2d 855, discussed whether there is a geographic limitation to the applicable standard of care in a legal malpractice claim. In *Hamilton*, the trial court excluded the proffered expert testimony because the expert applied a national standard of care. *Id.* at ¶ 15, 855 N.W.2d at 860. The South Dakota Supreme Court reversed in *Hamilton*, and it ruled generally, a national standard of care applies in legal malpractice claims. *Id.* at ¶ 28, 855 N.W.2d at 865. At the same time, the Supreme Court recognized that, in some cases, the unique circumstances of the local practice may affect the standard of care. *Id.* at ¶¶ 23–28, 855 N.W.2d at 863–65. The consideration of local practice issues when setting the standard of care is referred to as the locality rule. *Id.*

Although the locality rule does not automatically apply, the *Hamilton* court recognized that it may be appropriate in certain cases. In *Hamilton*, the court explained that in "applying a standard of care [for legal malpractice claims], locality can also be considered as a factor or special circumstance when determining whether an attorney has met the standard[] in an appropriate case, *such as where local rules, practices or customs are relevant to claimed breach of duty*." *Id.* at ¶ 28, 855 N.W.2d at 864 (emphasis added). Therefore, in legal malpractice claims where expert testimony is required, the South Dakota Supreme Court has stated that "locality considerations may limit the geographical area from which expert witnesses can be selected." *Id.* at ¶ 28 n.6, 855 N.W.2d at 864 n.6 (quoting 2 Ronald E. Mallen & Jeffrey M. Smith with Allison D. Rhodes, *Legal Malpractice* § 20.5 (2014 ed)). "[T]he application of the locality rule is fact specific and will not be an issue in every case." *Id.* at ¶ 28, 855 N.W.2d at 864–65. In those cases where the locality rule applies, the South Dakota Supreme Court recognized that a statewide standard of care applies. *Id.* at ¶ 29, 855 N.W.2d at 865.

Here, the locality rule applies, and this Court should apply a statewide standard of care. Defending bad faith cases in South Dakota presents unique, state-specific challenges. The federal courts in South Dakota generally have a very broad scope of discovery, which affects the applicable standard of care. (Wagner Depo., at pp.6, 42;[4] Glazer Depo. at pp.44, 81).[5] Further, unique challenges arise from defending bad faith cases against attorney Mike Abourezk, which further supports the application of the locality rule. Indeed, Zurich's expert, Campbell, agreed that the locality rule applies, and the uniqueness of South Dakota law and defending bad faith claims against Mike Abourezk affect the applicable standard of care. (Campbell Depo. at p.39).

---

[4] The deposition of Dawn Wagner is attached as Exhibit D to the Affidavit of Kristin N. Derenge Dated February 1, 2023.
[5] Paris Glazer's deposition is attached as Exhibit E to the Affidavit of Kristin N. Derenge Dated Februaty 1, 2023.

Similarly, Attorney Defendants' expert, Jack Hieb, also opined the locality rule applies because of unique issues presented in defending bad faith cases in South Dakota. (Exhibit 114 at Pp.17–20). Because the locality rule applies, a statewide standard of care applies in this legal malpractice case.

### IV. Campbell is Not Qualified to Opine About a Statewide Standard of Care Governing Lawyers Defending Bad Faith Cases in South Dakota.

Under Rule 702, Campbell must be qualified to offer his opinions. That means that Campbell must have "knowledge, skill, experience, training or education" sufficient to "assist jurors in deciding the specific issues in the case." *Wheeling Pittsburgh Steel Corp. v. Beelman River Terminals, Inc.*, 254 F.3d 706, 715 (8th Cir. 2001) (citing Fed. R. Evid. 702 and *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 156 (1999)). "Rule 702 does require that 'the area of the witness's competence match[ ] the subject matter of the witness's testimony.' " *Shipp v. Murphy*, 9 F.4th 694, 701 (8th Cir. 2021) (quoting *Robinson v. GEICO Gen. Ins. Co.*, 447 F.3d 1096, 1101 (8th Cir. 2006)) (alteration in original). The Eighth Circuit has both affirmed exclusion and reversed admission of expert testimony that exceeds the scope of the expert's expertise. *See American Auto Ins. Co. v. Omega Flex, Inc.*, F.3d 720, 724–25 (8th Cir. 2015).

As Campbell conceded at his deposition, there are locality considerations affecting the applicable standard of care. (Campbell Depo. at p.39). As noted above, because the locality rule applies, the proper standard of care requires Attorney Defendants to exercise the skill and knowledge normally possessed by lawyers in South Dakota. *See Hamilton*, at ¶ 31, 855 N.W.2d at 865 (describing the general standard of care governing lawyers).

Here, Campbell has no special or particularized knowledge about how South Dakota lawyers reasonably defend bad faith cases. Campbell has never defended a bad faith case. (Campbell Depo. at p.8). Nor has Campbell ever been a lawyer in South Dakota. (Campbell Depo. at p.6). He is not licensed in South Dakota. (*Id.*). He has never been admitted *pro hac vice* in

6

South Dakota. (*Id.*). Campbell did not do any South Dakota-specific research in forming his opinions. (Campbell Depo at p.21). Simply put, Campbell has **no** specialized knowledge, skill, experience, education, or training about how reasonable attorneys defend bad faith cases **in South Dakota.** Without any South Dakota specific knowledge, research, or training, Campbell's opinions exceed the scope of his expertise and should be excluded.

Moreover, although an out-of-state expert may not initially have the knowledge to opine on South Dakota's standard of care, that expert may become qualified by taking steps to familiarize themselves with the practice of law in South Dakota. *Cf. Hamilton*, at ¶¶ 13–30, 855 N.W.2d at 860, 863–65. Here, Campbell took no such steps. He never spoke to any South Dakota lawyers in preparing his opinions. (Campbell Depo. at p.39). He did not do any South Dakota specific legal research. (Campbell Depo. at pp.16–17, 20–21). Without knowledge of South Dakota, Campbell lacks the qualifications to opine on the standard of care in this case.

Indeed, when the locality rule applies, other courts have excluded out-of-state experts who lack knowledge of the local standard of care. *See, e.g., Brett v. Berkowitz*, 706 A.2d 509, 517–18 (Del. 1998); *Lazy Seven Coal Sales, Inc. v. Stone & Hinds, P.C.*, 813 S.W.2d 400, 406 (Tenn. 1991); *Ramsey v. Reagan, Burrus, Dierksen, Lamon & Bluntzer, P.L.L.C.*, No. 03-01-00582-CV, 2003 WL 124206, at *4–5 (Tex. App. Jan. 16, 2003); *U.S. Fid. & Guar. Co. v. E.L. Habetz Builders, Inc.*, No. CIV.A. 06-895, 2008 WL 850431, at *11-12 W.D. La. Mar. 28, 2008), on reconsideration, No. CIV.A. 06-895, 2008 WL 1849783 (W.D. La. Apr. 23, 2008); *cf. Hjelle v. Ross, Ross & Santini*, No. CIVA2:07CV00006WDMKL, 2007 WL 5328994, at *1 (D. Wyo. Dec. 19, 2007) (discussing several jurisdictions that allowed out-of-state legal malpractice experts to testify but only after taking steps to familiarize themselves with the local standard of care). Further, when the standard of care involves unique issues of the forum state, then the proffered

expert must be familiar with the law and standard of care in that state. *See Glaser v. Pullman & Comley, LLC*, 88 Conn. App. 615, 629, 871 A.2d 392, 401 (2005) (affirming exclusion of an expert in a case involving unique issues of Connecticut law when the expert, despite being an real estate attorney licensed in New York and New Jersey, had no specialized knowledge of Connecticut law).

Like these other jurisdictions, this Court should exclude Campbell's testimony because he is not qualified to opine about a South Dakota statewide standard of care.

## V. Any Opinion Offered by Campbell about the Standard of Care in South Dakota would be Nothing More than Sheer Speculation.

Generally, the factual basis of an expert's opinions goes to the credibility of the expert rather than admissibility. *Ray v. Wal-Mart Stores, Inc.*, 120 F.3d 882, 885 (8th Cir. 1997) (citing *Loudermill v. Dow Chem. Co.*, 863 F.2d 566, 570 (8th Cir. 1988)). At the same time, expert testimony should be excluded if based upon nothing more than rank speculation. *See Weisgram v. Marley Co.*, 169 F.3d 514, 519 (8th Cir. 1999). "[A] district court may exclude an expert's opinion if it is 'so fundamentally unsupported' by its factual basis 'that it can offer no assistance to the jury.'" *In re Bair Hugger Forced Air Warming Devices Prod. Liab. Litig.*, 9 F.4th 768, 778 (8th Cir. 2021) (quoting *Loudermill*, 863 F.2d at 570). Deficiencies in the foundation for an expert's opinions can require exclusion of the opinions as based upon improper speculation. *See Concord Boat Corp. v. Brunswick Corp.*, 207 F.3d 1039, 1057 (8th Cir. 2000).

Campbell's deposition confirms the speculative nature of his opinions about a South Dakota standard of care. When asked about the work he performed in forming his opinions, Campbell testified that although his report cites the rules of professional conduct and the Restatement (Third) of Lawyers, he did not perform any additional research. (Campbell Depo. at pp.20–21). Campbell indicated that he did not need to perform additional research because he has

8

practiced law for 45 years, and he has experience in what is generally required of lawyers. (Campbell Depo. at p.21). But, Campbell has no experience in South Dakota, and he admits that he has never practiced in South Dakota. (Campbell Depo. at p.6). He did not perform any South Dakota-specific research other than reading Attorney Defendants' expert's report. (Campbell Depo. at pp.16–17, 20–21, 39).[6] He did not contact any South Dakota lawyers to familiarize himself with the practice of law in South Dakota. (Campbell Depo. at p.39). At most, Campbell read some documents, read some of depositions, read Jack Hieb's expert report, and then just opined Palmer failed to comply with the standard of care in South Dakota because Campbell said so. Expert opinions based upon this type of rank speculation should be excluded.

I.  CONCLUSION

Based on the foregoing, Attorney Defendants respectfully request the Court grant Attorney Defendants' motion to exclude the expert opinions of Campbell.

Dated this 1st day of February, 2023.

/s/ Jason R. Sutton
Jason R. Sutton
Kristin N. Derenge
BOYCE LAW FIRM, LLP
300 S. Main Avenue/P.O. Box 5015
Sioux Falls, SD 57117-5015
(605) 336-2424
jrsutton@boycelaw.com
knderenge@boycelaw.com
Attorneys for Defendants

---

[6] The report of Jack Hieb opines that Attorney Defendants complied with the applicable standard of care. (Exhibit 114).