| | 06-15-2013 08:19:57 | | | | |
|---|---|---|---|---|---|
| **Author:** | Cheryl Tague | | | | |
| **Category:** | CONTACTS | **Distribution Code:** | None | **Confidentiality:** | No |

Cheryl, below is an email from claimant's counsel on the release. Do you know if we paid for the inversion table and physical therapy? I recommended to Kim that those bills be paid. Bill

From: DWFin@aol.com [mailto:DWFin@aol.com]
Sent: Thursday, June 06, 2013 11:44 AM
To: Bill Fuller
Subject: Re: Joe Leichtnam

Thanks Bill. I have gone through the agreement and with my client. We have a problem with paragraph 7 on page 3. We still have a few outstanding medical expenses that he does not want to release at this point and I think they are legitimate or at least we can submit the question to the Dept. on a stipulation without a hearing to get it resolved. They involve the orthotic prescription I sent you a few weeks ago, some physical therapy expenses that we are not sure have been paid, a prescription for an inversion table and some prescriptions that Dr. Lawlor ordered but Dr. Anderson disagreed with. So if we could change the release language to reflect those outstanding expenses, that would work. The other part of paragraph 7 is the language that reads: "claims relating to the handling and processing of her claim for benefits." We never discussed that and there is no claim pending for that. The case of Issac v. State Farm, 522 NW 2nd 752 says you cannot condition an offer to settle on release of any bad faith claim. If you can agree to take out that part of paragraph 7 and change the language on medical expenses, we can put this to bed.

In a message dated 6/5/2013 2:24:13 P.M. Mountain Daylight Time, bfuller@fullerandwilliamson.com writes:
Dennis, attached is the settlement agreement which I have signed. Bill

| **Title:** | update from d/c - settled | | | | |
|---|---|---|---|---|---|
| **Date Entered:** | 06-04-2013 12:05:19 | | | | |
| **Author:** | Cheryl Tague | | | | |
| **Category:** | LITIGATION | **Distribution Code:** | None | **Confidentiality:** | No |

Cheryl, the case has been settled for $75,000 with the medical left open. I've attached the proposed settlement agreement which I will sign on behalf of Zurich. Once the settlement is approved by the Department of Labor the settlement check can be issued.

Mr. Leichtnam's treating physiatrist, Dr. Lawlor, prescribed injections. I would pay them. He has had numerous injections before with marginal results. Nonetheless his doctor wants to try injections again. I didn't run the injection issue by our IME doctor but I think he would approve them. The only concern our IME doctor had


EXHIBIT 16