


# FULLER & SABERS, LLP
## ATTORNEYS AT LAW

7521 S. Louise Avenue
Sioux Falls, SD 57108
Telephone (605) 333-0003
Facsimile (605) 333-0007

William P. Fuller
Susan M. Sabers
Hilary L. Williamson
Derek A. Nelsen

bfuller@fullerandsabers.com

March 5, 2012

Ms. Kimberly Duncan
Zurich North America
P.O. Box 66941
Chicago, IL 60666-0941

Re: **Joseph Leichtnam v. Rommesmo Companies, d/b/a Dakota Steel & Supply, Inc. and Zurich Insurance Company**
    Claim No.:  2210134309
    Insured:    Rommesmo Companies, d/b/a Dakota Steel & Supply, Inc.
    Claimant:   Joseph Leichtnam
    D/Loss:     August 29, 2007

Dear Kim:

We have two IMEs on this file. The first IME was conducted by Dr. Wayne Anderson who concluded that Mr. Leichtnam's low back complaints were work related. Dr. Anderson indicated in his IME report that he did not have the opportunity to review pre-accident chiropractic records. He intimated that if those records were made available to him his opinion on causation for the low back may change. Dr. Anderson rated the Claimant's neck injury at 5% and his low back injury at 10% of the whole person.

Following Dr. Anderson's IME a second IME was performed by Dr. Richard Farnham. Dr. Farnham's IME was conducted in May of 2009. Dr. Farnham concluded that his physical examination of the low back was normal and that the work related accident did not remain a major contributing cause for the Claimant's low back problems. Dr. Farnham also concluded that the neck injury had resolved. Because of Dr. Farnham's IME report the medical was cut off on the claim.

Ms. Kimberly Duncan
March 5, 2012
Page 2

I have since provided Dr. Wayne Anderson with the pre-accident chiropractic records. The records do reflect significant low back treatment prior to the accident. I discussed the chiropractic records with Dr. Anderson. Dr. Anderson did not think that he could help us with the work related issue concerning the low back. He explained to me that the pre-accident treatment related primarily to facet problems or arthritis in the low back as opposed to discogenic problems. Dr. Anderson is of the belief that the work related incident resulted in a different set of symptoms, which are discogenic in nature. In particular, the Claimant experienced L5 radiculopathy following the accident which did not pre-date the accident. I agreed to talk to him again after he has had an opportunity to review additional records regarding Mr. Leichtnam. The bottom line is Dr. Anderson's opinion will not change on the issue of causation for the low back.

We also had a record review by physiatrist, Dr. Jerry Blow. Dr. Blow agreed with Dr. Wayne Anderson's conclusions, including the impairment rating. However, Dr. Blow ascribed 5% of the 10% rating to pre-existing back problems. All of this occurred prior to the filing of the petition. It is my understanding that PPD was paid to Mr. Leichtnam pursuant to Dr. Wayne Anderson's rating.

I believe we should reinstate the medical on this claim. Two of the doctors (Anderson and Blow) concluded that Mr. Leichtnam sustained permanent physical impairment as a result of the work related incident. We paid the PPD based upon Dr. Anderson's opinion. Dr. Anderson and Dr. Blow are board certified. On the other hand, Dr. Farnham has failed to pass his board certification test for occupational medicine on three occasions and, as far as I know remains uncertified. Dr. Farnham does not have the best reputation before the Department of Labor. Our only support for denial of the medical on this claim comes from Dr. Farnham. Now that Dr. Anderson has reviewed the pre-accident chiropractic records, it is now clear that Dr. Anderson's opinion on causation has not changed. Accordingly, I think we would be best served to reinstate the medical coverage for the residuals stemming from Mr. Leichtnam's neck, low back and head injury.

The pre-hearing was held before Judge Duenwald on February 27, 2012. The Claimant's live witnesses at hearing will be the Claimant, his wife, Kathy Leichtnam and his vocational expert Bill Peniston. He will also present deposition testimony from physiatrist, Dr. Brett Lawlor and psychiatrist, Dr. James Gardiner. Dr. Gardiner's testimony would relate to the Claimant's head injury. Our live witnesses will be our vocational expert, Jim Carroll, and possibly Nano Johnson, who conducted the FCE. We will call by deposition Dr. Wayne Anderson and Dr. Jerry Blow. At this point I do not

Zurich 000563

Ms. Kimberly Duncan
March 5, 2012
Page 3

intend to present testimony from Dr. Farnham. The hearing on total disability is scheduled for May 23, 2012.

                            Yours truly,

                            William Fuller

Zurich 000564