

# FULLER & SABERS, LLP
## ATTORNEYS AT LAW

7521 S. Louise Avenue
Sioux Falls, SD 57108
Telephone (605) 333-0003
Facsimile (605) 333-0007

William P. Fuller
Susan M. Sabers
Hilary L. Williamson
Derek A. Nelsen

bfuller@fullerandsabers.com

April 13, 2012

kimberly.duncan@zurichna.com
Ms. Kimberly Duncan
Zurich North America
P.O. Box 66941
Chicago, IL 60666-0941

Re:   Joseph Leichtnam v. Rommesmo Companies, d/b/a Dakota Steel & Supply, Inc. and Zurich Insurance Company
      Claim No.:   2210134309
      Insured:     Rommesmo Companies, d/b/a Dakota Steel & Supply, Inc.
      Claimant:    Joseph Leichtnam
      D/Loss:      August 29, 2007

Dear Kim:

This case is scheduled for final hearing on May 23, 2012. The Claimant is advancing two significant claims. First, he is claiming, through his vocational expert, that he is entitled to retraining with either a two-year or four-year degree in business administration. Under South Dakota law, Mr. Leichtnam would be entitled to the temporary total weekly benefit during the period of retraining. Based on the wage records and certain additional information obtained from Employer, we have recalculated Mr. Leichtnam's average weekly wage and believe his correct benefit rate is $394.32. If the Department of Labor agrees with our analysis of the data, that translates into $41,009.28 in total payments for a two-year degree or $82,018.56 for a four-year degree.

As an alternative, Mr. Leichtnam is claiming that he is permanently, totally disabled. Initially, Mr. Leichtnam was working at Tractor's Supply at $9 an hour and putting in roughly 30 hour a week. We subpoenaed his personnel file and learned that he is now

Zurich 000542

Ms. Kimberly Duncan
April 13, 2012
Page 2

working 35 hours a week at $9.60 an hour. At that pay rate, and those number of hours, he is $58.32 short of the comp rate. Thus, without more hours or higher pay, he would be deemed permanently, totally disabled.

Our doctor will testify that Mr. Leichtnam is capable of performing medium level work consistent with the FCE. Mr. Leichtnam was recently reexamined by our doctor and I have attached his updated report. Our vocational expert will testify that there are jobs equal to his comp rate available in the Rapid City market at the medium activity level that Mr. Leichtnam could perform. Moreover our expert will testify that Mr Leichtnam is capable of performing jobs in his customary line of employment at a wage equal to or higher than 85% of his average weekly wage and that there are such jobs available in the Rapid City area.

Mr. Leichtnam's vocational expert will testify that Mr. Leichtnam was not able to obtain substantial gainful employment following his termination by Rommesmo. Consequently, he is a candidate for retraining or permanent total disability. The lump sum permanent total disability benefit based on Mr. Leichtnam's age and a comp rate of $400.78 (which is the rate that appears on the Form 111 in our file), as calculated by the Department of Labor, is $331,583.33. I am attaching the perm total calculation prepared by the Department. The dollar amount calculated is somewhat higher than it should be, because the calculation did not take into account the fact that Mr. Leichtnam worked full-time from the date of injury until the date of his termination, a period 83.3 weeks, and that he has received 31.2 weeks of permanent partial impairment benefits. In other words, the PTD calculation should not have begun until 114.5 weeks after the date of injury.

I believe we will be able to defeat the permanent total disability claim. As previously indicated, Mr. Carroll will be able to identify jobs in the Rapid City area that comply with the physical restrictions determined by the FCE and meet not only his comp rate, but 85% of his average weekly wage at the time of injury. The complicating factor is Mr. Leichtnam's head injury. Neuropsychologist Dr. Gardiner will testify that Mr. Leichtnam is suffering a residual effect from the closed head injury or alternatively, Mr. Leichtnam is suffering cognitive impairment due to the chronic pain caused by the injury. Dr. Gardiner recommended that Mr. Leichtnam be placed in a pain management program. If Mr. Leichtnam tests higher after pain management then in Dr. Gardiner's opinion there is no cognitive impairment. However, it must be kept in mind that irrespective of the closed head injury, Mr. Leichtnam has been working at a part time job for a matter of years. I doubt that the closed head injury will push him into the category of permanent total disability.

Zurich 000543

Ms. Kimberly Duncan
April 13, 2012
Page 3

The Claimant has demanded $175,000 to settle along with an open medical. I believe that Mr. Leichtnam is entitled to continued medical coverage as explained in my previous correspondence. Assuming Mr. Carroll is able to find available work commensurate with Mr. Leichtnam's physical limitations, he is not entitled to permanent total disability benefits. However, if the work that is available will pay less than 85% of his wage at Rommesmo at the time of termination, the Claimant may be entitled to a supplemental wage benefit, should you choose not to offer a program of rehabilitation. If he is employed at $9.60 per hour for a 35-hour week, or a weekly wage of $336.00, he would be entitled to an additional $58.32 per week (the difference between his weekly wage and his work comp benefit) plus $78.86 as a return-to work incentive (20% of his benefit rate of $394.32) for a total supplemental wage benefit of $137.18. This, of course, assumes that he continues to work a 35-hour week at $9.60 per hour for Tractor Supply. Depending upon how the Department of Labor rules, he may also be awarded 12% interest on back benefits as each payment became due. However, it is our position that retraining is not necessary in order for him to secure employment at 85% of his preinjury wage.

I recommend settlement in the amount of $45,000.00 to close out the indemnity and reopening the medical on this claim. I think we have a chance to defeat both the retraining claim and the perm total claim, but you may wish to settle this matter in order to protect against an adverse result.

Yours truly,

William Fuller

Enclosures

Zurich 000544