UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| AMERICAN ZURICH INSURANCE COMPANY and ZURICH AMERICAN INSURANCE COMPANY,<br><br>Plaintiffs,<br>v.<br><br>J. CRISMAN PALMER and GUNDERSON, PALMER, NELSON & ASHMORE, LLP,<br><br>Defendants. | Case No. 5:20-cv-05026-KES<br><br>PLAINTIFFS' OPPOSITION TO ATTORNEY DEFENDANTS' MOTION TO EXCLUDE EXPERT OPINIONS OF COLIN F. CAMPBELL |

Plaintiffs American Zurich Insurance Company and Zurich American Insurance Company (collectively "*Plaintiffs*" or "*Zurich*") submit this Opposition to Attorney Defendants, J. Crisman Palmer and Gunderson, Palmer, Nelson & Ashmore, LLP's (collectively "*Defendants*" or "*Palmer*") Motion to Exclude Expert Opinions of Colin F. Campbell ("*Campbell*") [Dkt. 53] and Brief in Support of Motion Exclude Expert Opinions of Colin F. Campbell [Dkt. 54] ("*Motion to Exclude*").

## I.   INTRODUCTION

### A.   SUMMARY OF ARGUMENT

**1.   Zurich's Expert Is Qualified to Testify To And Did Properly Testify To The South Dakota Standard Of Care And Its Breach.**

Palmer claims a more local standard of care than that of the state applies. Palmer is mistaken as it is a state standard. Palmer and his expert Jack Hieb suggest Campbell is not qualified to opine on the applicable standard of care because he is not familiar with the peculiar practices of the underlying plaintiff's attorney, Michael Abourezk. However, his practices do not constitute a state standard and in any event, Campbell read Hieb's report outlining his

- 1 -

speculative opinion on what these practices were and thus was informed on them in testifying to the standard. Further, Zurich's expert testified the state standard is the same as the ABA model rules it is patterned after with which he is well familiar, having been a presiding judge in the largest county in Arizona for twenty-five years and chairing the Arizona Bar's Committee on Judicial Ethics. Neither Palmer nor Hieb present any evidence these standards differ. Finally, Palmer's Motion to Exclude is an inappropriate thinly disguised motion for summary judgment.

## II. STATEMENT OF FACTS

1. Campbell is licensed in Arizona and California as well as multiple federal courts. [Campbell Depo. at 6:2-4. Campbell 12/19/2022 deposition excerpts referenced herein are attached as Exhibit 1 to the Declaration of Scott R. Hoyt ("**Hoyt Decl.**") in Support of Opposition to Defendants' Motion to Exclude filed concurrently herewith, and the selected pages are in numeric order with the key testimony highlighted].

2. Campbell has defended bad faith cases. [*Id.* 8:11-22; 9:12-25; 10:1-4, Hoyt Decl. Ex. 1].

3. Campbell has practiced law for over 45 years, was a superior court judge in Maricopa County, Arizona from 1990-2007 and presiding judge there between 2000-2005. [Campbell Depo. at 21:1-12, Hoyt Decl. Ex. 1, and Campbell Expert Report at p. 1, attached as Exhibit 2 to Hoyt Decl.].

4. Campbell was chairman of the Arizona State Bar Ethics Committee in the 1980's. He also sat on the Judicial Ethics Committee, taught judicial ethics and has "a lot of training and experience in what … goes into the concept of the standard of care." [*Id.*].

5. Campbell has been retained as an expert in various other cases. [Campbell Depo. at 11:19-25 – 12:1, Hoyt Decl. Ex. 1].

6. Campbell reviewed the report of Palmer's expert Jack Hieb. [Campbell Depo. at 16:11-15, Hoyt Decl. Ex. 1].

7. He reviewed and relied on: South Dakota Ethics Rules, 1.1, 1.4(a)(2), (3), 1.4(b); Rules of Professional Conduct and Restatement (Third) of Lawyers. [Campbell Depo. at 20:22-25, 21:13-20, Hoyt Decl. Ex. 1, and Campbell Report, p. 10, Hoyt Decl. Ex. 2].

8. Campbell testified, "I'm not aware of any substantial difference with respect to the standard of care rules he's citing between South Dakota and the rest of the country." [*Id.* at 21:18-20, Hoyt Decl. Ex. 1].

9. Palmer's expert Hieb provided no state standards in his report or deposition but rather opined on the underlying plaintiff's attorney's practices regarding among other things, not agreeing to mediation (which contradicts the facts here since he did agree to mediate) and settlement offers. [*See e.g.* Campbell Depo. at 39:5-15, Hoyt Decl. Ex. 1].

10. Campbell testified he considered the "circumstances of … the locality, as your [Palmer's] expert [Hieb] refers to it, has to do with this particular lawyer [Abourezk] and how he practices. Q: Would you agree with me that that's an appropriate consideration in evaluating the standard of care in this case? A: Yes, I would." [*Id.* at 39:12-15, Hoyt Decl. Ex. 1].

### III. ARGUMENT

**A. ZURICH'S EXPERT APPLIED THE CORRECT STANDARD AND PALMER'S MOTION TO EXCLUDE IS A PREMATURE IMPROPER MOTION IN LIMINE IN THE GUISE OF A SUMMARY JUDGMENT MOTION**

Palmer admits a statewide standard of care applies citing *Hamilton v. Sommers*, 2014 S.D. 26, 855 N.W. 2d 855. As noted above, Campbell applied the standard set forth in South Dakota Rules of Professional Conduct 1.1, 1.4(a)(2), 1.4(b) and 3. And he testified they do not vary significantly from the rules nationally that he became familiar with in his: 45 years of practice; 17 years as superior court judge in Arizona's largest county-Maricopa; 5 years as

presiding judge there; and chairing the Arizona Bar's Committee on Judicial Ethics. [Campbell Report at p. 1, Hoyt Decl. Ex. 2, and Campbell Depo. at 21:1-20, Hoyt Decl. Ex. 1].

In *Hamilton, supra* the case Palmer relies upon for his Motion to Exclude, the court reversed a summary judgment and motion to strike granted a defendant attorney in a malpractice action. The trial court struck the plaintiff's expert's testimony based on the same challenge Palmer presents here – that the expert was from out of state had no experience in South Dakota and based his report on his opinion that "the standard of care under Model Rules of Professional Conduct and South Dakota's Rules of Professional Conduct presented 'a national standard of care and that there is nothing unique about South Dokata in that regard.'" *Id.* at 860. The court noted it was significant there, as here, the expert opined South Dakota's Rules were "identical to the American Bar Association's Model Rules …" and that "in many cases locality is not relevant to the application of the standard of care." *Id.* at 864. Finally, the court found "there was no showing that locality was a relevant factor." *Id.* at 865. Particularly pertinent here, the court in *Hamilton* held the trial court erred in confirming the "standard of care applicable to attorneys in the same or similar locality as Roberts County …." *Id.* at 860.

Here Palmer and his expert go even narrower than a local county "standard," rejected in *Hamilton*, and argue a single lawyer "standard." They argue "the unique circumstances of the local practice may affect the standard of care," including the "unique challenges [that] arise from defending bad faith cases against attorney Mike Abourezk." [Palmer's Motion to Exclude Brief pp. 4-5 (Dkt. 54)]. And they point to Campbell's testimony agreeing that the "circumstances" of a case and "aspects" of "this particular lawyer and how he practices" are "an appropriate consideration in evaluating the standard of care." [*Id.* at pp. 2-3].

What Palmer fails to appreciate in his argument is that these factual "circumstances" and "aspects" are not the standard of care but rather only, as Campbell testified, facts perhaps to be

considered in applying the standard. And here these "facts" are contested, making Palmer's Motion for Summary Judgment unattainable. Palmer's expert Hieb, who Palmer relies upon to set the local "standard" in Abourezk's practices, lacks foundation for his opinion on this and indeed contradicts himself. He testified to Abourezk's "practices" on mediation, discovery and settlement, yet admitted he had mediated only one case with him. [Jack Heib Depo. at 10:22-25. (Referenced excerpts to the 12/19/2022 Heib deposition are attached as Exhibit 3 to Hoyt Decl. with pages in numeric order and key testimony highlighted)]; had no bad faith cases against him [*Id.* at 9:8-10]; could not recall any cases he settled with him [*Id.* at 10:14-21]; and after opining in his report that Abourezk won't mediate, Hieb admitted apparently he was wrong since Abourezk did agree to mediate in this case. [Hieb Depo. at 57:12-19, Hoyt Decl. Ex. 3].

In *Hamilton*, the court noted that "local considerations and customs" may bear on the standard for attorneys under similar circumstances." 855 N.W. 2d at 862. However, the focus on customs of attorneys is not, as Palmer argues, set by the unique practices of one attorney involved in the particular case.

In any event, Palmer fails to show how South Dakota "local rules" differ from the standard testified to by Campbell. Palmer would be hard pressed to find any differences in such generic responsibilities/duties as those testified to by Campbell: to keep the client fully informed; to follow their requests; to timely pursue settlement opportunities; to advise the client of an intent not to follow their requests/guidelines instead of concealing it; and to timely advise the client of errors such as wrongful admissions in an answer and move timely to remedy them. These standards apply nationally, are in the Model Rules and are not varied by any South Dakota Rule of Professional Conduct. And Hieb, Palmer's expert conceded many of them apply, including to thoroughly inform the client; to consult with the client on the means to meet their objectives; and to disclose an intent to not give the client what they've asked for. [Hieb Depo. at

- 5 -

11:8-24, 12:4-6; 18:21-25 – 19:1-6, Hoyt Decl. Ex. 3]. To the extent Abourezk's practices were to the contrary, he would be falling below the state standards of care.

Finally, Palmer's Motion to Exclude is nothing more than a predicate to his summary judgment motion and as such is an inappropriate motion in limine thinly disguised as a motion for summary judgment. *See e.g. Louzon v. Ford Motor Co.* 718 F.3d 556, 563 (6th Cir. 2013) (court will not consider a motion in limine that is nothing more than a thinly disguised motion for summary judgment). Here Palmer's Motion to Exclude is a blatant – not even disguised – motion in limine effort to obtain summary judgment. It is premature, the date for filing motions in limine has not been set. At most Palmer's challenges would go to the weight of Campbell's testimony, not its admissibility.

## IV.  CONCLUSION

Campbell is well qualified to render his opinions on the applicable standard under South Dakota law which he testifies is no different than the national standard on these common sense issues. For example, an attorney's duty: to follow a client's requests; to honestly disclose material facts such as his intent not to follow the client's wishes; and to keep the client fully informed. Any argument as to Campbell's lack of knowledge of local relevant peculiarities – Palmer has not presented any in his motion – would at most go to the weight of Palmer's testimony. And he testified he familiarized himself with the local practices of Abourezk – those Hieb testifies to, by reading Hieb's report. Abourezk's practices do not set the state standards and to the extent they contradict the above duties/standards identified by Campbell, they would fall below the applicable standards. Finally, Palmer's premature challenge is nothing more than a motion in limine seeking a summary judgment and should be denied on this basis alone. The entire Motion to Exclude must be denied.

- 7 -

Dated: February 22, 2023

        By /s/ Stephen E. Doohen
        WHITFIELD & EDDY, P.L.C.
        699 Walnut Street, Suite 2000
        Des Moines, IA  50309
        Tel.: (515) 288-6041
        Email: Doohen@whitfieldlaw.com
        ---
        By /s/ Scott R. Hoyt
        PIA HOYT, LLC
        170 S. Main Street, Suite 1100
        Salt Lake City, UT 84101
        Tel.: 801-350-9000
        Email: shoyt@piahoyt.com

*Attorneys For Plaintiffs, American Zurich Insurance Company and Zurich American Insurance Company*

- 8 -

CERTIFICATE OF SERVICE

    The undersigned hereby certifies that on February 22, 2023 I served PLAINTIFFS' OPPOSITION TO ATTORNEY DEFENDANTS' MOTION TO EXCLUDE EXPERT OPINIONS OF COLIN F. CAMPBELL, via CM/ECF to all counsel of record.

                          /s/ Stephen E. Doohen
                            Stephen E. Doohen