UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

= = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = =

AMERICAN ZURICH INSURANCE
COMPANY and ZURICH AMERICAN
INSURANCE COMPANY,

     Plaintiffs,

vs.                                 Case No. 20-cv-5026

J. CRISMAN PALMER and GUNDERSON,
PALMER, NELSON & ASHMORE, LLP,

     Defendants.

= = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = =

 Deposition via Zoom of:  COLIN F. CAMPBELL
                     Date:  December 19, 2022
                     Time:  2:16 p.m.

= = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = =

APPEARANCES

Scott R. Hoyt
Pia Hoyt, LLC
Salt Lake City, Utah

    Attorney for the Plaintiffs

Jason R. Sutton
Boyce Law Firm, LLP
Sioux Falls, South Dakota

    Attorney for the Defendants


REPORTED BY:    Audrey M. Barbush, RPR

**EXHIBIT 3**

| | | |
|---|---|---|
| 1 | | Mr. Molinar in finalizing it.  Is there any other work |
| 2 | | that you performed in forming the opinions contained |
| 3 | | within Exhibit 115? |
| 4 | A | Well, I've been through the report several times.  You |
| 5 | | know, things take place over time, and if there was -- |
| 6 | | something comes up, I'd need to review the materials to |
| 7 | | refresh my recollection. |
| 8 | | I went back through all these materials in |
| 9 | | preparation for my deposition.  If we had meetings |
| 10 | | where I was going to be talking with the client, I |
| 11 | | would have gone through materials to refresh my |
| 12 | | recollection again. |
| 13 | | So I haven't just looked at them one time, is what |
| 14 | | I'm suggesting. |
| 15 | Q | Is there any other work you recall performing in order |
| 16 | | to form your opinions in this matter? |
| 17 | A | I don't know what you mean by "any other work." |
| 18 | Q | You cite some legal resources in your opinion, |
| 19 | | specifically the Rules of Professional Conduct as well |
| 20 | | as the Restatement (Third) of Lawyers; is that right? |
| 21 | A | Correct. |
| 22 | Q | Is there any legal research that you performed other |
| 23 | | than the reference to the Rules of Professional Conduct |
| 24 | | and the Third Restatement of Lawyers? |
| 25 | A | I don't think in terms of legal research.  However, I |

1       have practiced for 45 years, and I have a great deal of
2       experience with respect to a wide variety of cases.
3       So, you know, I bring all of that into the opinions
4       that I form, and work I've done in the past involves
5       research with respect to the conduct of lawyers and
6       what's expected of lawyers.  I sat on the State Bar
7       Ethics Committee, the State Bar here in Arizona, in the
8       1980s.  I was the chair of that committee.  When I was
9       a judge, I believe I also sat on the judicial ethics
10      committee and taught judicial ethics.  I have a lot of
11      training and experience in what I believe goes into the
12      concept of the standard of care.
13 Q   The Rules of Professional Conduct that you cite in
14     those reports, is that the model rule of professional
15     conduct or is that the South Dakota specifically
16     adopted rule?
17 A   I would have to ask Mr. Molinar.  I didn't -- he
18     didn't -- I'm not aware of any substantial difference
19     with respect to the standard of care rules he's citing
20     between South Dakota and the rest of the country.
21 Q   Did you perform any South Dakota-specific research in
22     forming your opinions in this case?
23 A   No, I don't think so.  I've certainly read your
24     expert's report.
25 Q   Let's turn to page 6 of your report, please.

22

| | | |
|---|---|---|
| 1 | A | All right. |
| 2 | Q | On page 6 through page 9 of the report, there are 22 |
| 3 | | specific key facts that you have identified; is that |
| 4 | | right? |
| 5 | A | Yes. |
| 6 | Q | I recognize that Item 13's got a bunch of subparts, but |
| 7 | | at least there's 22 specific paragraphs, correct? |
| 8 | A | On the report there's 22 specific paragraphs, correct. |
| 9 | Q | What were you trying to memorialize in those 22 |
| 10 | | specific paragraphs, or at least in that section of the |
| 11 | | report? |
| 12 | A | Well, as it says at the beginning -- it says "Key |
| 13 | | Facts." So these are facts that -- I said it's my |
| 14 | | understanding these facts are or will be supported by |
| 15 | | competent evidence in the litigation, and then I've |
| 16 | | identified and relied upon the following facts. So I |
| 17 | | was trying to set forth key facts to the opinions I |
| 18 | | reached. |
| 19 | Q | Are there any facts -- I'm sorry. I thought you had |
| 20 | | finished. Go ahead. I'm sorry. |
| 21 | A | Well, I was just going to say, there may be additional |
| 22 | | facts I relied upon, also. But, you know, we'd have to |
| 23 | | talk about a particular subject, I guess. |
| 24 | Q | Was it your intent in the Key Facts section to |
| 25 | | memorialize the most important facts that form the |

| | | |
|---|---|---|
| 1 | | factual basis for your opinions? |
| 2 | A | Well, it's exactly what it says:  It was just to state |
| 3 | | the key facts with respect to the opinion. |
| 4 | Q | How did you decide which facts to include in that |
| 5 | | section and which ones not to include? |
| 6 | A | Well, my opinion in the case is that Mr. Palmer did not |
| 7 | | meet the standard of care with respect to his |
| 8 | | representation of Zurich, and these are facts that bear |
| 9 | | upon that opinion. |
| 10 | Q | Are you aware of any other facts that you're relying |
| 11 | | upon to form the basis for that opinion that are not |
| 12 | | identified in pages 6 through 9 of your report? |
| 13 | A | As I told you, I relied primarily upon the billing |
| 14 | | records and the emails and correspondence.  You know, |
| 15 | | there may be certain -- you know, when you're looking |
| 16 | | at the course of events, you can look at the billing |
| 17 | | records and see when certain things happened.  You can |
| 18 | | look at the billing records when the correspondence was |
| 19 | | done and then go to the correspondence.  I mean, I'm |
| 20 | | sort of relying on everything I was given.  These were |
| 21 | | key facts.  That's all I'm trying to express. |
| 22 | Q | Are you assuming, in forming your opinions in this |
| 23 | | case, that all 22 of the facts that you've identified |
| 24 | | are proven to be true? |
| 25 | A | Well, we haven't had a trial in the case, of course. |

24

|    |   |                                                          |
|----|---|----------------------------------------------------------|
| 1  |   | So I'm relying on emails, correspondence, billing |
| 2  |   | records, depositions.  There's some source for most all |
| 3  |   | of these facts. |
| 4  | Q | And I appreciate that.  So in forming your opinions, |
| 5  |   | you're assuming that the jury will agree with you that |
| 6  |   | the evidence at trial proves all 22 of those facts, |
| 7  |   | correct? |
| 8  | A | I don't think they need to find all 22 of those facts. |
| 9  |   | I mean, I haven't sat down and done a flowchart. |
| 10 | Q | Was it your assumption that those facts will be proven |
| 11 |   | to be true when you formed your opinions? |
| 12 | A | Well, take an example.  I see here we have Fact |
| 13 |   | Number 19, which is that AZIC decided to retain Hinshaw |
| 14 |   | Culbertson as primary counsel in the suit.  I mean, |
| 15 |   | that fact, whether it exists or not, doesn't affect my |
| 16 |   | opinions in the case.  As I think I told you earlier |
| 17 |   | on, what Hinshaw did in the case doesn't really inform |
| 18 |   | my opinions. |
| 19 | Q | Can you tell me, as you're sitting here today, whether |
| 20 |   | you assumed that all of the items within Number 1 |
| 21 |   | through 22 were, in fact, true as you describe them? |
| 22 | A | This sets forth sort of an outline of what happened in |
| 23 |   | the case, and in terms of being a chronological |
| 24 |   | outline, I think it's an accurate chronological outline |
| 25 |   | of the case. |

Colin F. Campbell - December 19, 2022

25

| | | |
|---|---|---|
| 1 | Q | So back to my question.  In forming your opinions, you |
| 2 | | were assuming that those facts are accurately stated in |
| 3 | | 1 through 22, correct? |
| 4 | A | I think we'd have to look at each one and go through |
| 5 | | it.  For example, I just told you, like, 19, that they |
| 6 | | hired Hinshaw Culbertson has nothing to do with my |
| 7 | | opinions on the case, but it's part of the |
| 8 | | chronological summary of what happened. |
| 9 | Q | Let me ask the question differently.  Regardless of |
| 10 | | whether the fact is necessary for you in forming your |
| 11 | | opinions, did you assume that the evidence proved that |
| 12 | | each of the facts described in paragraphs 1 through 22 |
| 13 | | are, in fact, as you stated them? |
| 14 | | MR. HOYT:  Asked and answered about 10 times. |
| 15 | | MR. SUTTON:  He hasn't answered the question once. |
| 16 | | He's danced around it.  He can answer it again. |
| 17 | | THE WITNESS:  Well, I don't think the question is |
| 18 | | fair.  For example, ==I have the opinion that Mr. Palmer== |
| 19 | | ==did not meet the standard of care.==  ==One example of that== |
| 20 | | ==is he had instructions from his client of what his== |
| 21 | | ==client wanted him to do, none of which he did.== |
| 22 | | Now, the fact he received the instructions from |
| 23 | | the client I assume to be true because I've been given |
| 24 | | a document that was sent to him, and I've reviewed his |
| 25 | | deposition where he said he didn't do the things the |

1      and that then, in the case within the case, caused harm
2      to the client because it prevented the client from
3      taking advantage of the early settlement offer.
4          Is that a fair synthesis of what your opinions are
5      in this case?
6  A  It's a fair synthesis of my opinions with respect -- in
7      the context of the case within the case, let's just
8      say.
9  Q  Are you opining that any of the other conduct by
10     Attorney Palmer after the mediation caused any harm to
11     Zurich?
12 A  Well, I have the opinion that certain things, like not
13     consulting with the client about affirmative defenses,
14     fall below the standard of care.  I do not have an
15     opinion, after the settlement conference, with respect
16     to the case within the case.
17 Q  ==Tell me what things you are claiming Attorney Palmer==
18     ==did after the mediation that form the basis for your==
19     ==opinions he failed to comply with the applicable==
20     ==standard of care.==
21 A  ==Well, it's sort of like the whole issue of affirmative==
22     ==defenses, which are eventually -- as some of them are==
23     ==determined waived; I think the magistrate ruled on one==
24     ==of them -- again, I think it violates the standard of==
25     ==care to not discuss with the client and present to the==

38

1        client written documentation regarding the answer and
2        your opinion with respect to raising certain
3        affirmative defenses.
4 Q  Any other opinions that you have regarding the
5        affirmative defenses in which you claim Attorney Palmer
6        failed to comply with the applicable standard of care?
7 A  Well, I think, you know, he could have initiated -- the
8        plaintiff initiated discovery requests.  He certainly
9        could have initiated discovery requests at the
10       beginning of the case, but it's my understanding that
11       you would want to squelch those or put them on hold if
12       you wanted to take advantage of an early settlement
13       offer from this particular attorney.
14 Q  Are there any other opinions that you have that
15       Attorney Palmer failed to comply with the applicable
16       standard of care after the mediation?
17 A  Nothing comes to mind right now, but you may ask a
18       question that will jog my memory.
19 Q  And will you let me know if I do?
20 A  I'll try to.
21 Q  Now, as I reviewed Sections 9 and 10 of your report --
22       let me ask it this way:  In forming your opinions in
23       this case, what did you determine to be the appropriate
24       standard of care?
25 A  I think the standard of care is that you have to act

41

```
 1          caused harm to Zurich?
 2   A      Yes.  Well, failure to discuss it with the client
 3          caused harm to Zurich because Zurich does not have the
 4          facts in writing that the attorney should give them
 5          that goes into their evaluation of the case for the
 6          adjuster to go seek settlement authority.
 7   Q      Okay.  That's what --
 8   A      Now, if you're looking at the back end of the case and
 9          saying, Does it affect what's going to happen if you
10          try it later on down the road after the settlement
11          conference, I haven't formed an opinion on that.
12   Q      Fair enough.  And you don't have any opinions regarding
13          the merits of any of those defenses, correct?
14   A      I don't have an opinion with respect to the merits of
15          them other than the fact that the lawyer has to discuss
16          the merits of it with the client so the client has a
17          complete file.
18              MR. SUTTON:  I have no further questions.
19              MR. HOYT:  I don't have anything.
20              MR. SUTTON:  Mr. Campbell, thank you for your
21          time.  Have a good rest of your day, and on behalf of
22          everybody in South Dakota, you guys are wise to be in
23          the southern area.
24              (Discussion off the record.)
25              MR. SUTTON:  Do you want to advise him on waiving
```