UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| AMERICAN ZURICH INSURANCE COMPANY and ZURICH AMERICAN INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>J. CRISMAN PALMER and GUNDERSON, PALMER, NELSON & ASHMORE, LLP,<br><br>Defendants. | Case No. 5:20-cv-05026-KES<br><br>**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF REQUESTS FOR ADMISSIONS TO DEFENDANTS** |

Defendants J. Crisman Palmer ("Defendant Palmer") and Gunderson, Palmer, Nelson & Ashmore, LLP (collectively hereinafter the "Lawyer Defendants"), by and through their counsel, state the following responses and objections to Plaintiffs' Second Set of Requests for Admissions to Defendants ("Plaintiffs' Discovery Demands").

## OBJECTIONS

All responses to Plaintiffs' Discovery Demands are subject to and notwithstanding these objections. The "Objections Raised by Reference" describe the objections that are specifically set forth as to each request.

### Objections Raised by Reference

A.   Plaintiffs' Discovery Demands are overly broad and vague in failing to describe the requested documents with reasonable particularity, and imposes an undue burden upon the Lawyer Defendants in seeking a class of documents so broad as to render the production or provision thereof unreasonably burdensome. Furthermore, the direct and indirect costs of locating, reviewing, evaluating, analyzing and producing the information requested will impose unreasonable financial and administrative burdens on the Lawyer Defendants, and that these burdens will significantly outweigh the probative value of the information sought. **(Vagueness and Burdensome Objection).**

Without waiving any of the foregoing objections, the Lawyer Defendants state the following responses and objections:



**EXHIBIT 5**

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 43**: Admit that with its attorney-client relationship with AZIC in the Bad Faith Action, Defendants had responsibility under South Dakota Rules of Professional Conduct, Rule 1.4(a) to: "reasonably consult with the client about the means by which the client's objectives are to be accomplished;" "Keep the client reasonably informed about the status of the matter;" "Promptly comply with reasonable requests for information; and "Explain a matter to the extent reasonably necessary to permit the client to make informed decisions."

**OBJECTION**: The Lawyer Defendants object to this request to the extent it attempts to use the Model Rules of Professional Conduct to establish civil liability. The Lawyer Defendants further object to this request as the quoted language "Explain a matter to the extent reasonably necessary to permit the client to make informed decisions" in this request omits the words "regarding the representation" at the end of the quoted language.

**RESPONSE:** Subject to and without waiving said objections, the Lawyer Defendants admit that because of the attorney-client relationship between the Lawyer Defendants and AZIC in the Bad Faith Action, the Lawyer Defendants had a responsibility to comply with Rule 1.4 of the South Dakota Rules of Professional Conduct when representing AZIC in the Bad Faith Action.

**REQUEST FOR ADMISSION NO. 44**: Admit You owed a duty to exercise reasonable professional care in conducting the defense of AZIC in the Bad Faith Action.

**OBJECTION**: Vagueness and Burdensome Objection. This request is vague as to what "to exercise reasonable professional care" means.

**RESPONSE:** Subject to and without waiving said objections, the Lawyer Defendants state that the only claim asserted against Lawyer Defendants in the Amended Complaint is for breach of fiduciary duty. This request for admission is not a proper articulation of applicable legal duty for a breach of fiduciary duty claim under South Dakota law.

**REQUEST FOR ADMISSION NO. 45**: Admit you did not research any potentially applicable defenses to assert on behalf of AZIC in the Bad Faith Action.

**OBJECTION**: The Lawyer Defendants object to this request to the extent it implies that there were any meritorious affirmative defenses in the Bad Faith Action. The

**EXHIBIT 5**

Lawyer Defendants further object to this request to the extent it implies that the Lawyer Defendants needed to perform any research to determine that there were no meritorious affirmative defenses in the Bad Faith Action.

**RESPONSE:** Subject to and without waiving said objections, the Lawyer Defendants admit that they did not research any specific research on potentially applicable defenses to assert on behalf of AZIC in the Bad Faith Action. The Lawyer Defendants further state that they did not need to perform any research to determine that there were no meritorious affirmative defenses in the Bad Faith Action. The Lawyer Defendants state that there were no meritorious affirmative defenses in the Bad Faith Action. Finally, due to Defendant Cris Palmer's decades of experience, including in defending bad faith cases in South Dakota, Lawyer Defendants state that no specific legal research was needed to evaluate the viability of any potential affirmative defense.

**REQUEST FOR ADMISSION NO. 46:** Admit that at the time You filed the Answer for AZIC in the Bad Faith Action, you had in your possession the Settlement Agreement of the Claim.

**OBJECTION:** The Lawyer Defendants object to this request to the extent it implies that there were any meritorious affirmative defenses in the Bad Faith Action.

**RESPONSE:** Subject to and without waiving said objection, the Lawyer Defendants admit that at the time they filed the Answer in the Bad Faith Action, they were in possession of the Settlement Agreement of Leichtnam's underlying workers' compensation proceeding. The Lawyer Defendants state that there were no meritorious affirmative defenses in the Bad Faith Action.

**REQUEST FOR ADMISSION NO. 47:** Admit at the time you filed an Answer for AZIC in the Bad Faith Action, claimants of bad faith denial of workers compensation benefits were required first to exhaust their administrative remedy by obtaining a determination by the South Dakota Labor Department their benefits had been wrongfully denied, before bringing their claim in court.

**OBJECTION:** The Lawyer Defendants object to this request to the extent it implies that Joseph Leichtnam did not exhaust his administrative remedies in the underlying workers' compensation action. The Lawyer Defendants further object to this request to the extent that it implies that the affirmative defense of failure to exhaust administrative remedies was a meritorious affirmative defense in the Bad Faith Action.

3

**EXHIBIT 5**

mediation to tr to settle Joseph Leichtnam's claim. Lawyer Defendants state that Defendant Cris Palmer had been recommending that AZIC try to settle the case prior to the mediation as described in several letters from Defendant Palmer. Defendant Palmer also recommended attending the mediation. At the mediation, Leichtnam's demand increased to $2 million. AZIC refused to offer any settlement amount in response to the increased $2 million demand.

**REQUEST FOR ADMISSION NO. 65**: Admit that by the time of the mediation held in the Bad Faith Action, Joseph Leichtnam's demand had gone from $325,000 to $2 million.

**OBJECTION**: The Lawyer Defendants object to this request to the extent it implies that the Lawyer Defendants were responsible for Joseph Leichtnam's settlement demand increasing in the Bad Faith Action.

**RESPONSE:** Subject to and without waiving said objection, admitted.

**REQUEST FOR ADMISSION NO. 66**: Admit that at the mediation You recommended that AZIC settle for $2 million.

**RESPONSE: Denied.**

**REQUEST FOR ADMISSION NO. 67**: Admit the South Dakota Department of Labor made no determination that AZIC had wrongfully denied or withheld benefits to Joseph Leichtnam.

**OBJECTION**: The Lawyer Defendants object to this request to the extent it implies that Joseph Leichtnam did not exhaust his administrative remedies in the underlying workers' compensation action. The Lawyer Defendants further object to this request to the extent that it implies that the affirmative defense of failure to exhaust administrative remedies was a meritorious affirmative defense in the Bad Faith Action.

**RESPONSE:** Subject to and without waiving said objections, admitted. Joseph Leichtnam's underlying workers' compensation proceeding was settled via the Settlement Agreement. The Administrative Law Judge, Catherine Duenwald, signed an Order approving the Settlement Agreement as is required by statute. *See* GPNA004836. By doing so, Joseph Leichtnam had exhausted his administrative remedies in the underlying workers' compensation proceeding.

Dated this 13th day of May, 2022.

**EXHIBIT 5**

                                           /s/     Jason R. Sutton
                                           Thomas J. Welk
                                           Jason R. Sutton
                                           David J. Hieb
                                           BOYCE LAW FIRM, L.L.P.
                                           300 S. Main Avenue
                                           P.O. Box 5015
                                           Sioux Falls, SD 57117-5015
                                           (605) 336-2424
                                           tjwelk@boycelaw.com
                                           jrsutton@boycelaw.com
                                           djhieb@boycelaw.com
                                           *Attorneys for Defendants*

**EXHIBIT 5**

**CERTIFICATE OF SERVICE**

       I, Jason R. Sutton, does hereby certify that I am a member of Boyce Law Firm, L.L.P., and that on the 13th day of May, 2022, a true and correct copy of the foregoing was served via e-mail upon the following individuals:

Stephen E. Doohen  
Whitfield & Eddy, P.L.C.  
699 Walnut Street. Suite 2000  
Des Moines, Iowa 50309  
(515) 288-6041  
Doohen@whitfieldlaw.com  
*Attorney for the Plaintiffs*

                                        /s/    *Jason R. Sutton*  
                                        Jason R. Sutton

**EXHIBIT 5**