Cited
As of: February 21, 2023 11:44 PM Z

# Zoss v. Greg Protsch & Mumford & Protsch

United States District Court for the District of South Dakota, Southern Division

April 8, 2021, Decided; April 8, 2021, Filed

CIV 20-4211

**Reporter**
2021 U.S. Dist. LEXIS 68091 *; 2021 WL 1312868

FREDERICK M. ZOSS, Plaintiff, vs. GREG PROTSCH and MUMFORD & PROTSCH, LLP, Defendants.

## Core Terms

malpractice, motion to dismiss, documents, statute of repose, financing statement, breach of fiduciary duty, disclose, legal malpractice, attorney-client, pleadings, cattle, malpractice claim, fiduciary duty, fail to file, allegations, occurrence, lawsuit

## LexisNexis® Headnotes

Civil Procedure > ... > Defenses, Demurrers & Objections > Motions to Dismiss > Failure to State Claim

Civil Procedure > ... > Pleadings > Complaints > Requirements for Complaint

*HN1*[ ] **Motions to Dismiss, Failure to State Claim**

The standard that a plaintiff must meet to avoid dismissal under Fed. R. Civ. P. 12(b)(6) is set forth in and requires that the plaintiff have included in the Complaint sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Civil Procedure > ... > Defenses, Demurrers & Objections > Motions to Dismiss > Failure to State Claim

*HN2*[ ] **Motions to Dismiss, Failure to State Claim**

In the context of a Fed. R. Civ. P. 12(b)(6) motion, a district court must accept as true all allegations of material fact and construe them in a light most favorable to the non-moving party. While conclusory statements are insufficient, well-pleaded factual allegations should be deemed true and the district court should proceed to determine whether plaintiff is entitled to relief.

Civil Procedure > ... > Defenses, Demurrers & Objections > Motions to Dismiss > Failure to State Claim

*HN3*[ ] **Motions to Dismiss, Failure to State Claim**

In determining what facts are applicable in ruling on a motion to dismiss, the court generally must ignore material outside the pleadings, but it may consider materials that are part of the public record or do not contradict the complaint, and materials that are necessarily embraced by the pleadings. When a court considers the plausibility of a claim by assessing the pleadings and their exhibits, it

# APPENDIX A

Case 5:20-cv-05026-KES   Document 60-9   Filed 02/22/23   Page 2 of 8 PageID #: 750

Page 2 of 8
2021 U.S. Dist. LEXIS 68091, *68091

does so by drawing on experience and common sense and viewing the plaintiff's claim as a whole.

Civil Procedure > ... > Summary Judgment > Supporting Materials > Discovery Materials

Civil Procedure > ... > Defenses, Demurrers & Objections > Motions to Dismiss > Failure to State Claim

Civil Procedure > ... > Summary Judgment > Motions for Summary Judgment > Notice Requirement

### *HN4*[ ] Supporting Materials, Discovery Materials

If materials outside the pleadings are presented in the context of a Fed. R. Civ. P. 12(b)(6) motion, the court may convert the motion to one for summary judgment, or reject the additional materials, or not consider the additional materials.

Torts > Malpractice & Professional Liability > Attorneys

### *HN5*[ ] Malpractice & Professional Liability, Attorneys

The South Dakota Supreme Court has identified the elements of an attorney malpractice claim as follows: a successful claim against an attorney for legal malpractice requires proof of four elements: (1) the existence of an attorney-client relationship giving rise to a duty; (2) the attorney, either by an act or failure to act, breached that duty; (3) the attorney's breach of duty proximately caused injury to the client; and (4) the client sustained actual damage.

Governments > Legislation > Statute of Repose

Torts > Malpractice & Professional Liability > Attorneys

Torts > Procedural Matters > Statute of Repose > Professional Malpractice

Torts > Malpractice & Professional Liability > Professional Services

Governments > Legislation > Statute of Limitations > Time Limitations

### *HN6*[ ] Legislation, Statute of Repose

S.D. Codified Laws § 15-2-14.2 provides that a legal malpractice claim must be filed within three years of the alleged error, mistake, or omission. The South Dakota Supreme Court has determined that this provision is a statute of repose, rather than a statute of limitations. A statute of repose sets an outer limit on when the client's claim for professional malpractice may be filed and referred to the rationale for such a statute; statutes of repose effect a legislative judgment that a defendant should be free from liability after the legislatively determined period of time. The outer limit is measured from the last culpable act or omission of defendant.

Torts > Malpractice & Professional Liability > Attorneys

Torts > Intentional Torts > Breach of Fiduciary Duty > Elements

### *HN7*[ ] Malpractice & Professional Liability, Attorneys

An attorney's fiduciary duty grows out of the attorney-client relationship but involves a different duty than the standard of care for legal malpractice. A breach of fiduciary duty in the attorney-client relationship arises from the representation of a client and involves the fundamental aspects of an attorney-client relationship. The fiduciary obligations are twofold: (1) confidentiality; and (2) undivided loyalty.

# APPENDIX A

Case 5:20-cv-05026-KES Document 60-9 Filed 02/22/23 Page 3 of 8 PageID #: 751

Page 3 of 8
2021 U.S. Dist. LEXIS 68091, *68091

Business & Corporate Law > ... > Causes of Action & Remedies > Breach of Fiduciary Duty > Statute of Limitations

Torts > Malpractice & Professional Liability > Attorneys

Governments > Legislation > Statute of Repose

Torts > Intentional Torts > Breach of Fiduciary Duty > Defenses

Governments > Legislation > Statute of Limitations > Time Limitations

### *HN8*[🡇] Breach of Fiduciary Duty, Statute of Limitations

When the conduct giving rise to a claim for legal malpractice and breach of fiduciary duty and the resulting damages are inseparable, S.D. Codified Laws § 15-2-14.2 operates to eliminate the existence of any claim once the repose period has expired.

Business & Corporate Compliance > ... > Methods of Perfection > Financing Statements > Requirements

Commercial Law (UCC) > ... > Filing > Financing Statements > Duration & Effectiveness

### *HN9*[🡇] Financing Statements, Requirements

The role of the filing of financing statements is governed by S.D. Codified Laws § 57A-9-310.

Torts > Malpractice & Professional Liability > Attorneys

Torts > Malpractice & Professional Liability > Professional Services

### *HN10*[🡇] Malpractice & Professional Liability, Attorneys

A lawyer has a professional duty of care in South Dakota to notify a client of an act, error, or omission that is reasonably expected to be the basis of a malpractice claim. Most often a duty to disclose will only arise when the client has already sustained actual injury, or the likelihood of injury is already apparent.

Evidence > Burdens of Proof > Allocation

Torts > Malpractice & Professional Liability > Attorneys

### *HN11*[🡇] Burdens of Proof, Allocation

A plaintiff must prove four elements to prevail in a legal malpractice suit. There must be an attorney-client relationship, a breach of duty by the attorney, harm caused to the client by the attorney, and the client must suffer damage.

**Counsel:** **[*1]** For Frederick M. Zoss, Plaintiff: Daniel K. Brendtro, Robert D. Trzynka, LEAD ATTORNEYS, Hovland, Rasmus, Brendtro & Trzynka, Prof. PLLC, Sioux Falls, SD.

For Greg Protsch, Mumford & Protsch, LLP, Defendants: Christine M. Kroupa, LEAD ATTORNEY, Gordon Rees Scully Mansukhani, LLP, Rapid City, SD.

**Judges:** Lawrence L. Piersol, United States District Judge.

**Opinion by:** Lawrence L. Piersol

## Opinion

MEMORANDUM OPINION AND ORDER

Frederick Zoss has filed suit against Greg Protsch and Mumford & Protsch, LLP, alleging malpractice and breach of fiduciary duty. (Doc.1). The claims

## APPENDIX A

arose in conjunction with Defendant Protsch's legal advice and the preparation and filing of documents for Plaintiff's sale of cattle to a buyer in North Dakota. Defendants have moved to dismiss under FRCP 12(b)(6) (Doc. 5), arguing Plaintiff's suit was not timely filed and fails to state a claim on which relief can be granted. For the following reasons Defendants' Motion is denied.

### Factual Background

Plaintiff sought Defendants' assistance with the sale of certain cattle, which he had already agreed to sell and had delivered to the buyer. (Doc. 1, ¶ 17.). Defendants prepared several documents for the sale, including a contract, promissory note, and security agreement **[*2]** (Doc.1, ¶ 16), which were executed by the seller and buyer on December 30, 2017. Plaintiff received a down payment at that time, with the remainder to be paid later. Defendant filed UCC financing statements with the North Dakota Secretary of State on January 2, 2018 (Doc. 1, ¶ 20) and with the South Dakota Secretary of State on January 4, 2018. (Doc. 1, ¶ 22). Plaintiff alleges that these financing statements were defective and were the result of attorney malpractice. (Doc.1, ¶ 21, 23, 24). Subsequently, the buyer sold some of the cattle and the proceeds were distributed to secured creditors with priority over Plaintiff. Defendants allegedly continued to represent Plaintiff after the filing. (Doc. 1, ¶ 29). Plaintiff alleges Defendants both committed malpractice and also breached their fiduciary duty to Plaintiff through the alleged malpractice and by failing to advise him of possible malpractice on their part. Plaintiff filed suit on December 31, 2020.

### Legal Standards

Defendants have moved to dismiss all counts under Federal Rule of Civil Procedure 12(b)(6). *HN1*[🔼] The standard that a plaintiff must meet to avoid dismissal under *Rule 12(b)(6)* is set forth in *Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)*, and requires that the plaintiff have included in the Complaint "sufficient factual **[*3]** matter, accepted as true, to state a claim to relief that is plausible on its face." Accord, *Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed.2d 868 (2009)*. The *Ashcroft* Court clarified the standard when it added that, "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

*HN2*[🔼] In the context of a *Rule 12(b)(6)* Motion, the District Court must accept as true all allegations of material fact and construe them in a light most favorable to the non-moving party. *Whitney v. Guys, Inc., 700 F.3d 1118, 1129 (8th Cir. 2012)* (citing *Braden v. Walmart, 588 F.3d 585, 594 (8th Cir. 2009))*. While conclusory statements are insufficient, well-pleaded factual allegations should be deemed true and the District Court should proceed to determine whether plaintiff is entitled to relief. *Drobnak v. Anderson Corp., 561 F.3d 778 (8th Cir. 2008)*. Accord *Ulrich v. Pope Cnty., 715 F.3d 1054, 1058 (8th Cir. 2013)* (*42 U.S.C. § 1983* suit against police who were given qualified immunity; dismissal not warranted unless beyond a doubt plaintiff cannot prove the case).

*HN3*[🔼] In determining what facts are applicable in ruling on a Motion to Dismiss, the court generally must "ignore material outside the pleadings, but it may consider materials that are part of the public record or do not contradict the complaint, and materials that are 'necessarily embraced by the pleadings.'" *Nelson Auto Center, Inc. v. Multimedia Holdings Corp., 951 F.3d 952, 955 (8th Cir. 2020)* (quoting *Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999))*. See also 5A Charles **[*4]** A. Wright & Arthur R. Miller, *Federal Practice and Procedure: Civil 2d § 1357* (2018) (court may consider "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint"). When the court considers the plausibility of a claim by assessing the pleadings and their exhibits, it does so by "drawing on

experience and common sense and viewing the plaintiff's claim as a whole." *Whitney, 700 F.3d at 1128* (quoting *Mattes v. ABC Plastics, Inc., 323 F.3d 695, 697 n.4 (8th Cir. 2003))*.

HN4[↑] If materials outside the pleadings are presented in the context of a *Rule 12(b)(6)* motion, the court may convert the Motion to one for Summary Judgment, or reject the additional materials, or not consider the additional materials. See *Rosenbrahn v. Daugaard, 61 F.Supp.3d 845, 850 (D. S.D. 2014)* (citing *Casazza v. Kiser, 313 F.3d 414, 417 (8th Cir. 2002))*.

Because jurisdiction in this case is based on diversity of citizenship, South Dakota law on attorney malpractice and breach of fiduciary duty applies. HN5[↑] The South Dakota Supreme Court has identified the elements of an attorney malpractice claim in numerous cases, including *Hamilton v. Sommers, 2014 SD 76, 855 N.W. 2d 855, 862 (S.D. 2014)* as follows:

> ... a successful claim against an attorney for legal malpractice requires proof of four elements: "(1) the existence of an attorney-client relationship giving rise to a duty, (2) the attorney, either by an act or failure to act, breached that duty, (3) **[*5]** the attorney's breach of duty proximately caused injury to the client, and (4) the client sustained actual damage." (quoting *Peterson v. Issenhuth, 2014 S.D. 1, ¶ 17, 842 N.W.2d at 355*).

Accord, Keegan v. *First Bank of Sioux Falls, 519 N.W.2d 607 (S.D. 1994)*.

HN6[↑] In addition, a legal malpractice claim is governed by *SDCL § 15-2-14.2*, which provides that a malpractice claim must be filed within three years of the alleged "error, mistake, or omission." The South Dakota Supreme Court has determined that this provision is a statute of repose, rather than a statute of limitations. *Robinson-Podoll v. Harmelink, Fox & Ravnsborg Law Office, 2020 SD 5, 939 N.W.2d 32, 41 (S.D. 2020)* (citing *Pitt-Hart v. Sanford USD Medical Center, 2016 SD 33, 878 N.W.2d 406, 413 (S.D. 2016))*. The court provided clarification of the concept of "statute of repose" in *Pitt-Hart* where it described a statute of repose as setting an outer limit on when the client's claim for professional malpractice may be filed and referred to the rationale for such a statute: "[s]tatutes of repose effect a legislative judgment that a defendant should 'be free from liability after the legislatively determined period of time.'" *878 N.W.2d at 414* (citing *Lozano v. Montoya Alvarez, 572 U.S. 1, 9-10, 134 S. Ct. 1224, 1231-32, 188 L.Ed.2d 200 (2014))*. The outer limit is measured from the "last culpable act or omission of defendant." *Id. at 413*. The court added that South Dakota follows the "occurrence rule," which means the claim arises from the time of the negligent act, not from the time it was discovered. *Id.* See also *Haberer v. Rice, 511 N.W.2d 279, 287 (S.D. 1994)*.

A related issue raised by the South Dakota **[*6]** Supreme Court in addressing statutes of repose is the continuing-tort doctrine. In *Pitt-Hart*, the court discussed the doctrine as follows, and noted its application to a statute of repose in the context of professional medical malpractice: "While the continuous-treatment rule does not apply to a statute of repose, the continuing-tort doctrine does. 'When the cumulative result of continued negligence is the cause of the injury, the statute of repose cannot start to run until the last date of negligent treatment.'" *878 N.W.2d at 415* (citing *Cunningham v. Huffman, 154 Ill.2d 398, 182 Ill. Dec. 18, 609 N.E.2d 321, 325 (1993)*; *Wells v. Billars, 391 N.W.2d 668 (S.D. 1986))*. The court added that the "cause of action may be tolled when a 'medical practitioner ... continue[s] "to treat the patient for the particular disease or condition created by the original act of alleged negligence".'" *Lewis v. Sanford Med. Ctr., 840 N.W.2d 662, 667 S.D. 2013*) (quoting *Liffengren v. Bendt, 612 N.W.2d 91 (S.D. 2000))*. In the court's view, this rule applies only when the plaintiff receives "continuous treatment ... by the same physician or clinic." *Liffengren*, 612 N.W.2d at 633. Thus, although a period of repose will not be tolled for

**APPENDIX A**

any reason once it has begun, such a period may be "delayed from commencing" if a plaintiff "demonstrate[s]: (1) that there was a continuous and unbroken course of negligent treatment, and (2) that the treatment was so related as to constitute one **[*7]** continuing wrong." *Pitt-Hart, 878 N.W.2d at 415* (quoting *Cunningham, 609 N.E.2d at 325*). In *Pitt-Hart*, the plaintiff could make no such showing so relief was denied. *Id. at 416*.

*HN7*[ ] With respect to a claim of breach of fiduciary duty, the South Dakota Supreme Court has explained that, "An attorney's fiduciary duty likewise grows out of the attorney-client relationship but involves a different duty than the standard of care for legal malpractice." *Slota v. Imhoff, 2020 SD 55, 949 N.W.2d 869, 876 (S.D. 2020)*. The court clarified that, "A breach of fiduciary duty in the attorney-client relationship arises from the representation of a client and involves the fundamental aspects of an attorney-client relationship. The fiduciary obligations are twofold: (1) confidentiality; and (2) undivided loyalty." *Id. at 876-77* (quoting *Behrens v. Wedmore, 2005 S.D. 79, 52, 698 N.W.2d 555, 576)*. The court acknowledged, however, that "claims for legal malpractice, breach of fiduciary duty, and other torts are often indistinguishable when applying the repose statute as the claims typically involve the same type of conduct and damages." *Id. at 877*. The court concluded that, *HN8*[ ] "when the conduct giving rise to a claim for legal malpractice and breach of fiduciary duty and the resulting damages are inseparable, *SDCL 15-2-14.2* operates to eliminate the existence of any claim once the repose period has expired." *Id.*

## Discussion

1-Timely **[*8]** Filing of Plaintiff's Lawsuit

Defendants move for dismissal, arguing Plaintiff failed to file his lawsuit in a timely fashion. (Doc. 5). Defendants assert that the execution of documents on December 30, 2017 was "the occurrence" (Doc. 6, p. 4-5) that started the time period for the statute of repose. They support this argument by correctly asserting that all preparation of these documents would have occurred prior to the signing on December 30, 2017, and conclude that any negligence by Defendants had to have begun before that date and ended on that date. (Doc. 6, Doc. 12). Plaintiff counters that the filing of the documents on January 2 and 4, 2018, is an "important (and perhaps the most critical)" step for a creditor to protect his or her interests. (Doc. 10, p.6). In Plaintiff's framing, "the filing of the UCC-1 was the sine qua non of this representation." (Doc. 10, p.6). Consequently, Plaintiff asserts, this lawsuit was timely filed on December 31, 2020, because two of the most important acts in the transaction occurred in January 2018 and were within the three-year timeframe established by *SDCL §15-2-14.2*. (Doc. 10, p.6).

*HN9*[ ] The role of the filing of financing statements is governed by *SDCL § 57A-9-310*, which provides **[*9]** as follows: "...a financing statement must be filed to perfect all security interests." The South Dakota Supreme Court has provided guidance on the question whether an attorney's filing or failing to file a financing statement can amount to conduct by the attorney that would be the "malpractice, error, mistake, or omission," *SDCL § 15-2-14.2*, that could constitute malpractice. In *Kurylas, Inc. v. Bradsky, 452 N.W.2d 111 (S.D. 1990)*, plaintiff alleged malpractice by the attorney-defendant in failing to file the relevant financing statements on time, and as the court noted, "the injury is the late filing of the financing statements." *Id. at 114*. In so holding, the court stated it was applying the "occurrence rule" and treated the act of filing, or failing to file, as an integral part of the representation of the client. It stated that at the time of transfer of the property "an effective financing statement was never filed." *Id. at 115*. The court did not conclude that filing or failing to file was irrelevant to the client's claim. See also, *Witte v. Goldey, 596 N.W.2d 266, 269 (S.D. 1999)* (holding that plaintiff's cause of action arose "when the (allegedly negligently prepared) tax returns were

filed").

In the case at bar, as Defendants assert, the preparation and drafting of the documents for Plaintiff occurred during **[*10]** the period prior to the signing on December 30, 2017. They argue that any negligence by Defendants had to have occurred before and also on that date, and thus would be extinguished by *SDCL § 15-2-14.2*. It is uncontroverted, however, (Doc. 6, 12), that the financing statements were filed within five days of the signing of the documents. In the Court's view, the filing of the documents in early January 2018 was part of the transaction, meaning the "occurrence" was not concluded on December 30, 2017. For purposes of this lawsuit, the "occurrences" were on January 2 and January 4, 2018. The lawsuit was filed within three years of the dates of the filings, and therefore was timely. The Motion to Dismiss Count I for failure to comply with the Statute of Repose is denied.

Defendants also argue that Plaintiff's Count II (Doc. 1, 33-34) alleging breach of fiduciary duty is time-barred. Plaintiff alleges the breach of fiduciary duty occurred both in Defendants' provision of legal advice and in the failure to disclose they had committed malpractice. (Doc. 1, 34). Defendants argue this claim is indistinguishable from Plaintiff's allegation of malpractice in Count I, which, in Defendants' view as discussed above, **[*11]** is time-barred because any provision of incompetent legal advice and failing to disclose it necessarily occurred before and on December 30, 2017.

In resolving this problem, the Court notes that Defendants' Response (Doc. 12) to Plaintiff's Response to the Motion to Dismiss (Doc. 10), raises several questions that must be addressed. Defendants point to Plaintiff's inclusion of factual statements and documents that were not included in the Complaint. As noted above, that can result in the Court's converting the Motion to Dismiss into a Motion for Summary Judgment. *Rosenbrahn, 61 F.Supp.3d at 850*. As an alternative, the Court can decline to consider material that did not appear in the Complaint and can retain the Motion to Dismiss in its original form. In this case, the Court declines to consider material not included in the Complaint and treats the Motion as one governed by *Rule 12(b)(6)*.

*HN10*[ ] In *Robinson-Podoll*, the court addressed an attorney's duty to advise a client of the attorney's potential legal malpractice, and held that "a lawyer has a professional duty of care in South Dakota to notify a client of an act, error or omission that is reasonably expected to be the basis of a malpractice claim." *939 N.W.2d at 46*. The court explained further that **[*12]** most often "... a duty to disclose will only arise when the client has already sustained actual injury, or the likelihood of injury is already apparent." *Id.* The court concluded with the following instruction: "The parameters of this standard of care and whether it has been breached in a particular case will often involve questions of fact." *Id.* (citing *Hamilton v. Sommers, 2014 S.D. 76, 22, 855 N.W.2d 855, 862)*.

In *Robinson-Podoll*, the court determined the attorney's failure to have an individual served was the injury that caused harm to plaintiff, and that the attorney's failure to inform the client of the malpractice had not caused additional harm. *Id. at 47*. Therefore, the three-year limit in the statute of repose barred the claim. The court added, however, that a question existed about whether the attorney's "alleged ongoing tortious conduct in failing to disclose this malpractice supports a separate claim for legal malpractice." *Id.* In the court's view, the attorney's possible ongoing tortious conduct in failing to disclose the malpractice could give rise to a separate claim, based on a "'continuing and unbroken course of negligent' representation" amounting to "one continuing wrong." *Id.*

This aspect of the *Robinson-Podoll* analysis is particularly **[*13]** applicable to the present case where the Defendants' representation of Plaintiff began sometime prior to the execution of documents on December 30, 2017 and filing of the documents in January 2018. Defendants are alleged

**APPENDIX A**

to have continued to represent Plaintiff after that time. (Doc.1, 29). As explained in *Robinson-Podoll*, this would give Plaintiff a potential malpractice claim against Defendants for their initial work in handling the cattle sale, and a second claim arising subsequently for failing to disclose their malpractice with respect to that sale. *939 N.W.2d at 47*. Defendants argue that the breach of fiduciary duty claim coincides with the malpractice claim (Doc.6, p.7), and is, therefore, untimely. The Court has ruled against Defendants in this respect, however, and that ruling applies equally to Count II. Therefore, the Motion to Dismiss Count II as untimely is denied.

2-Failure to State a Claim

Defendants' Motion to Dismiss and accompanying Brief (Doc. 5, Doc. 6) assert that Plaintiff's Complaint (Doc. 1) fails to adequately plead how Defendants breached the standard of care and how Plaintiff was injured.

With respect to Count I of Plaintiff's Complaint alleging malpractice (Doc. 1, 31-32), **[*14]** HN11[⬆] Plaintiff must prove four elements to prevail in this suit. There must be an attorney-client relationship, a breach of duty by the attorney, harm caused to the client by the attorney, and the client must suffer damage. *Hamilton, 855 N.W. 2d at 862*. Plaintiff has pleaded the existence of the attorney-client relationship, which Defendants do not contest. Plaintiff has alleged various actions or failures to act by Defendants that appear, at a minimum, in paragraphs 21, 24-26, 28, and 30 of the Complaint, and satisfy the requirement of pleading breach of duty. Furthermore, while not detailed, the Complaint (Doc. 1, 28) sets forth that the proceeds of the sale of Plaintiff's cattle were distributed to creditors other than Plaintiff because those creditors had higher priority. This is a sufficient allegation of harm to Plaintiff, and when read in conjunction with the remainder of the Complaint, this harm is alleged to have been caused by Defendants. Whether that will be proved by Plaintiff need not be resolved at the pleading stage. Plaintiff has alleged that he was damaged by these actions. Taken as a whole in accordance with *Iqbal, 556 U.S. at 678*, and *Twombly, 550 U.S. at 570*, Plaintiff's Complaint is sufficient.

Plaintiff has alleged breach of fiduciary duty **[*15]** in Count II (Doc. 1, 33-34). The claim is that the inadequate advice about the cattle sale and failure to advise of their malpractice amounted to a breach of fiduciary duty by Defendants, which would raise issues concerning their confidentiality and loyalty to the client. *Slota, 949 N.W.2d at 876-77*. Plaintiff's allegations about the alleged malpractice and failure to disclose it (Doc.1, 30) likewise are sufficient to satisfy the standards of *Iqbal* and *Twombly*. Therefore the Motion to Dismiss for Failure to State a Claim is denied.

3-Motion for Additional Time to Answer

In the course of this litigation, Plaintiff filed a Motion for Extension, (Doc. 9), requesting additional time to respond to Defendants' Motion to Dismiss (Doc. 5). Defendants did not oppose the Motion. Plaintiff responded within the additional time requested.

Accordingly,

IT IS ORDERED:
    1. That Defendants' Motion to Dismiss (Doc. 5) is denied in accordance with the reasons stated in this Memorandum and Order.
    2. That Plaintiff's unopposed Motion for Extension (Doc. 9) is granted.

Dated this 8th day of April, 2021.

BY THE COURT:

/s/ Lawrence L. Piersol

Lawrence L. Piersol

United States District Court

End of Document

# APPENDIX A