# UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH DAKOTA
### WESTERN DIVISION

| | | |
|---|---|---|
| AMERICAN ZURICH INSURANCE COMPANY and ZURICH AMERICAN INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>J. CRISMAN PALMER and GUNDERSON, PALMER, NELSON & ASHMORE, LLP,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 20-cv-5026<br><br><br>**ATTORNEY DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO EXCLUDE EXPERT OPINIONS OF COLIN F. CAMPBELL** |

Plaintiffs, American Zurich Insurance Company and Zurich American Insurance Company (collectively "Zurich") concede that a statewide standard of care applies to this legal malpractice case. (Plaintiff's Opposition to Attorney Defendants' Motion to Exclude Opinions of Colin F. Campbell ("Zurich's Motion to Exclude Brief") at p.1). This is the locality rule. *See Hamilton v. Sommers*, 2014 SD 76, ¶ 29, 855 N.W.2d 855, 865. By admitting the "locality" rule applies, Zurich's concession requires exclusion of Colin Campbell's ("Campbell") opinions because Campbell has no experience or knowledge of the standard of care **in South Dakota.** Because Campbell lacks any specific knowledge about the standard of care in South Dakota, his opinions are inadmissible in this case regardless of Campbell's expertise and experience in other jurisdictions.

I.    **To Be Qualified As an Expert in this Case, Campbell Must Have Specialized Knowledge and Experience Regarding the Practice of Law in South Dakota.**

    A.    *The Locality Rule Applies to this Case, and as a Result, the a Statewide Standard of Care Applies.*

In their opening brief, Attorney Defendants argued that a statewide standard of care applied in this case. (Attorney Defendants' Brief in Support of Motion to Exclude Expert Opinions of Colin F. Campbell ("Opening Brief") at pp.4–5). Zurich agrees a statewide standard of care applies. (Zurich's Motion to Exclude Brief at p.1). Thus, both parties agree the standard of care in this case is a statewide standard of care.

Zurich contends that Attorney Defendants argue for a "more local" standard of care than a statewide standard of care. (Zurich's Motion to Exclude Brief at pp.1, 4–5). Zurich misconstrues Attorney Defendants' argument. Indeed, Attorney Defendants expressly argued in their Opening Brief that a statewide standard of care applies. (Opening Brief at p.4 ("Under the facts of this case, as admitted by Campbell himself, the locality rule applies *and the applicable standard of care is a statewide standard of care.*")).

The South Dakota Supreme Court's decision in *Hamilton v. Sommers*, 2014 SD 76, 855 N.W.2d 855, confirms why a statewide standard of care applies in this case. According to the *Hamilton* court, the "'existence of a duty in a legal malpractice case is a question of law to be determined by the court' and not the jury." *Id.* at ¶ 22, 855 N.W.2d at 862 (quoting *Janis v. Nash Finch Co.*, 2010 SD 27, ¶ 8, 780 N.W.2d 410, 413). The court determines the scope of that duty, and, depending on the facts, locality may be a consideration when defining the duty. *Id.* Although the court defines the conduct required by the applicable duty, the plaintiff must generally present expert testimony establishing breach of the applicable duty. *Id.*

In *Hamilton*, the court defined the applicable standard of care for legal malpractice cases as "an attorney should exercise the skill and knowledge ordinarily possessed by attorneys *under similar circumstances*." *Id.* at ¶ 23, 855 N.W.2d at 862 (internal quotation omitted and emphasis added). "Considerations of locality, custom and special skills are treated as 'similar circumstances.'" *Id.* at ¶ 23, 855 N.W.2d at 862–63 (quoting 2 Ronald E. Mallen & Jeffrey M. Smith, with Alison D. Rhodes, *Legal Malpractice* § 20:2 (2014 ed)). "In applying a standard of care, locality can also be considered as a factor or special circumstance when determining whether an attorney has met the standard, in an appropriate case, such as where local rules, practices or customs are relevant to the claimed breach of duty." *Id.* at ¶ 28, 855 N.W.2d at 864. If locality is a consideration, then the applicable standard of care is a statewide standard of care. *Id.* at ¶¶ 28–29, 855 N.W.2d at 864–65.

Thus, *Hamilton* makes clear that this Court defines the scope of the duty. If there are local rules, practices or customs affecting the standard of care, then the locality rule applies, and the Court applies a statewide standard of care.

Here, there are several unique factors affecting the standard of care in defending an insurance bad faith case in South Dakota. This includes unique issues in defending claims involving Mike Abourezk. (Exhibit 114 at p.17; Campbell Depo. at 39). Indeed, Zurich's own expert admitted in his deposition that the locality rule applies and there are unique issues affecting the standard of care in South Dakota:

> Q.     Are you considering whether there are any South Dakota-specific aspects of the applicable standard of care in this case?
>
> **A.     Well, the circumstances of every case are important, and from what I understand the particular South Dakota aspects, the locality, as your expert refers to it, has to do with this particular lawyer and how he practices.**

Q        Would you agree with me that that's an appropriate consideration in evaluating the standard of care in this case?

**A.        Yes, I would.**

(Campbell Depo. at p.39).  The facts of this case thus establish that there are South Dakota-specific circumstances affecting the standard of care when defending insurance bad faith cases.  As a result, both the locality rule and a statewide standard of care applies.

B. *When the Locality Applies, the Expert Must Have Knowledge of the Practice of Law in South Dakota for His Testimony to be Admissible.*

As noted above, by agreeing to a statewide standard of care, Zurich agrees the locality rule applies to this case.   Application of the locality rule requires exclusion of Campbell's opinions because: (1) Campbell has no experience in South Dakota; and (2) he performed no investigation into the practice of law in South Dakota when forming his opinions.

As an initial matter, Attorney Defendants cited to this Court to numerous cases from other jurisdictions in which courts excluded out-of-state experts who lacked knowledge of the local standard of care at issue.  (Opening Brief at pp.7–8).  Zurich does not even respond to these cases. Nor has Zurich cited to this Court a single case in which a court admitted the opinions of an out-of-state expert who lacked knowledge of the local standard of care when the locality rule applied.

The South Dakota Supreme Court's decision in *Hamilton v. Sommers* confirms that an expert must have knowledge of the statewide standard of care in South Dakota when the locality rule applies.  The *Hamilton* court stated: "'If expert testimony is required[,] locality considerations may limit the geographical area from which expert witnesses can be selected.'"  *Id.* at ¶ 28 n.6, 855 N.W.2d at 864 n.6 (quoting Mallen, et al., *Legal Malpractice* § 20:5).

Zurich argues that *Hamilton* reversed the trial court for accepting the same argument Attorney Defendants make in this case.  (Zurich's Motion to Exclude Brief at p.4).  Zurich's

4

argument ignores a fundamental difference between *Hamilton* and this case.  In *Hamilton*, the trial court excluded the proffered expert for applying a national standard of care rather than a statewide standard of care.  *Hamilton*, at ¶ 19, 855 N.W.2d at 861.  The South Dakota Supreme Court reversed the decision excluding the testimony because the trial court wrongfully relied upon the locality rule in that case.  *Id.* at ¶ 30, 855 N.W.2d at 865.  The *Hamilton* court stated: "[The expert's] testimony should not have been stricken *because it failed to meet a locality standard*, even when expanded by the circuit court to the statewide standard."  *Id.* (emphasis added).  Critically, the *Hamilton* court reached this conclusion because there was no facts supporting application of the locality rule in that case: "Striking his testimony is illustrative of a glaring problem in applying the locality rule to all attorney malpractice cases, as there was *no showing* that locality unique to the jurisdiction had any impact on the standard of care in this case."  *Id.* (emphasis added).

Unlike in *Hamilton*, the facts of this case indicate that the locality rule applies, and there are unique issues impacting the standard of care.  Indeed, both Zurich in its briefing and Campbell at his deposition admit the locality rule applies.  (Zurich's Motion to Exclude Brief at p.4; Campbell Depo. at p.39).  And, as recognized by the *Hamilton* court, when the locality rule applies, that may limit the geographical area from which the proffered expert can be selected.  *Hamilton*, at ¶ 28 n.6, 855 N.W.2d at 864 n.6.

In short, the application of the locality rule in this case has a consequence.  Any proffered expert must have knowledge of the applicable standard of care in defending insurance bad faith cases **in South Dakota**.  Unless the expert has specialized knowledge on that issue, the expert is not qualified, and their opinions are not helpful to the jury.  Thus, the proffered opinions should be excluded.

C. *Campbell Lacks Any Specialized Knowledge About the Standard of Care in South Dakota.*

For his opinions to be admissible, Zurich must show that Campbell has specialized knowledge that will help the jury decide whether Palmer complied with the South Dakota statewide standard of care. *See* Fed. R. Evid. 702; *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 148, 119 S. Ct. 1167, 1174, (1999). Zurich bears the burden of proving the admissibility of Campbell's testimony by a preponderance of the evidence. *Adams v. Toyota Motor Corp.*, 867 F.3d 903, 915 (8th Cir. 2017). Zurich fails to meet that burden because: (1) Campbell has no experience whatsoever regarding how attorneys defend bad faith cases in South Dakota; and (2) Campbell took no steps to familiarize himself with what a reasonable attorney does to practice law in South Dakota.

The key evidence is undisputed. Campbell is not licensed in South Dakota. (Campbell Depo. at p.6). He has never practiced law in South Dakota. (*Id.*). He has never appeared *pro hac vice* in a case in South Dakota. (*Id.*). The only time he visited South Dakota was in the 1990s on a family vacation. (Campbell Depo. at p.6). Simply put, Campbell has no experience or specialized knowledge about how attorneys **in South Dakota** reasonably defend insurance bad faith cases.

Despite this lack of knowledge, Campbell could have taken steps to educate himself about the standard of care South Dakota. For instance, in *Hamilton*, at ¶ 25, 855 N.W.2d at 863–64, the out-of-state expert interviewed South Dakota attorneys when forming his opinions about the standard of care in investigating insurance defense claims. This interview process can be used to "fill the gaps" in the foundation for the expert's opinions regarding the local standard of care. *See id.* at ¶30, 855 N.W.2d at 865. But, in this case, Campbell did not even contact any South Dakota

attorneys to discuss the standard of care.  Instead, he just speculated (without any foundation) that the standard in South Dakota is the same as his experience in Arizona.

Moreover, Campbell may have been able to address the inadequacies of his expertise by performing South Dakota-specific legal research.  He did not even do that.  Campbell admitted this at his deposition:

> Q.   Did you perform any South Dakota-specific research in forming your opinions in this case?
>
> **A.   No, I don't think so.  I've certainly read your expert's report.**

(Campbell Depo. at p.21).  In fact, the only law cited by Campbell in his report is the Rules of Professional Conduct and the Restatement (Third) Governing Lawyers.  (Campbell Depo. at pp.20–21; Exhibit 115).  And, when asked at his deposition whether he was relying on South Dakota's version of the Rules of Professional Conduct or the Model Rules of Professional Conduct, he could not even answer the question:

> Q.   The Rules of Professional Conduct that you cite in those reports, is that the model rule of professional conduct or is that the South Dakota specifically adopted rule?
>
> **A.   I would have to ask Mr. Molinar.  I didn't – he didn't – I'm not aware of any substantial difference with respect to the standard of care rules he's citing between South Dakota and the rest of the country.**

(Campbell Depo. at p.21).  Campbell did not even know whether he was relying on South Dakota's Rules of Professional Conduct versus the model rules adopted by the American Bar Association. Instead, he would have to consult his partner who actually drafted the report to determine which rule he was relying upon.

As indicated in the section of Campbell's deposition quoted above, Campbell described the Rules of Professional Conduct as "the standard of care rules."  (Campbell Depo. at p.21).  To the extent Campbell is relying on the Rules of Professional Conduct to establish the standard of care,

he cannot do so.  *See Hamilton*, at ¶ 30 n.8, 855 N.W.2d at 865 n.8 (stating the American Bar Association's Model Rules do not establish the standard of care for lawyers"); *see also Behrens v. Wedmore*, 2005 SD 79, ¶ 51, 698 N.W.2d 555, 575 (same); SDCL Ch. 16-18 Appendix, South Dakota Rules of Professional Conduct, Scope cmt. 20.

As Campbell explained, his opinions are really based upon his 45 years of experience in various types of cases.  (Campbell Depo. at pp.20–21; *see also* Zurich's Motion to Exclude Brief at pp.3–4).  But, none of that experience has anything to do with South Dakota.  Just because Campbell is qualified to opine about the standard of care in defending cases in Arizona, he is not qualified to opine about the standard of care in defending an insurance bad faith case in South Dakota.  *See Shipp v. Murphy*, 9 F.4th 694, 701 (8th Cir. 2021) ("Rule 702 requires that the area of a witness's competence match the subject matter of the witness's testimony." (internal quotation omitted)); *see also Robertson v. Norton Co.*, 148 F.3d 905, 907 (8th Cir. 1988) (ruling that even though expert was qualified to opine on one subject, that did not qualify him to opine on related subjects outside his area of knowledge and expertise).  This Court should not allow Campbell "to proceed 'beyond [his] expertise.'"  *Hirchak v. W.W. Grainger, Inc.*, 980 F.3d 605, 609 (8th Cir. 2020) (quoting *Am. Auto. Ins. v. Omega Flex, Inc.*, 783 F.3d 720, 724 (8th Cir. 2015) (alteration in original)).

Zurich argues that Attorney Defendants have not shown the standard of care in South Dakota is different than the standard articulated by Campbell.  (Zurich's Motion to Exclude Brief at pp.5–6).  As an initial matter, this argument overlooks that Zurich must prove the admissibility of Campbell's testimony.  *See Adams*, 867 F.3d at 915.  Attorney Defendants do not have to disprove admissibility.  Zurich has to prove Campbell has specialized knowledge, and, if he does not, then his opinions are inadmissible regardless of anything Attorney Defendants present.

8

Separately, Zurich is also factually wrong when it claims there is no difference between the South Dakota standard of care and the standard of care discussed by Campbell.[1]  Attorney Defendants' expert, Jack Hieb, opines that the unique issues involved in defending an insurance bad faith case in South Dakota, particularly against Mike Abourezk, directly impact the standard of care.  (Exhibit 114 at p.17).[2]  Campbell himself conceded that the practices of Mike Abourezk were a unique local issue affecting the applicable standard of care.  (Campbell Depo. at p.39). Consistent with this testimony, Zurich agrees a statewide standard of care applies in this case. (Zurich's Motion to Exclude Brief at p.1).  By definition, the statewide standard of care (and the locality rule) only applies when there are unique South Dakota circumstances affecting the standard of care in South Dakota compared to other locations.  *See Hamilton*, at ¶¶ 28–29, 855 N.W.2d at 864–65.  Thus, both parties' experts' opinions, and both parties' agreement that the locality rule applies in this case, establishes that the standard of care governing Attorney Defendants' conduct in this case differs from the standard of care applied outside of South Dakota.

D. *Zurich Does Not Dispute that Campbell's Opinions on the Standard of Care in South Dakota Lack Foundation and Are Solely Based Upon Speculation.*

In their opening brief, Attorney Defendants argue that any opinion Campbell could offer about the standard of care in South Dakota would be based upon nothing more than speculation because of his lack of experience, research or investigation into defending insurance bad faith cases in South Dakota.  (Opening Brief at pp.8–9).  As explained by Attorney Defendants, expert opinions based upon speculation must be excluded.  *See Weisgram v. Marley Co.*, 169 F.3d 514,

---

[1] It is unclear whether Campbell is employing a nationwide standard of care, or an Arizona standard of care.  What is clear is that he cannot opine about a South Dakota standard of care because he knows nothing about South Dakota.

[2] Attorney Hieb's report states: "The largest overall criticism I have of Campbell's opinion relates to the same criticism I have of Zurich's many claims against Palmer – none of them have ever dealt with Mike Abourezk before.  Palmer had dealt with him.  Palmer was the local attorney who had the foundation to understand how to get the case settled and Wagner (or her superiors) refused to listen to him or simply let him do his job.  Campbell's recitation of the various ethical rules he claims Palmer violated is flawed by the *same lack of foundation that Zurich* suffered from." (Exhibit 114 at p.17).

519 (8th Cir. 1999); *see also Concord Boat Corp. v. Brunswick Corp.*, 207 F.3d 1039, 1057 (8th Cir. 2000). Apparently lacking any response, Zurich does not even address this argument in its brief. (*See generally* Zurich's Motion to Exclude Brief). Because any of Campbell's opinion about the standard of care in South Dakota would be based upon nothing more than speculation, such opinions should be excluded.

E. *Zurich Distorts Campbell's Testimony and Opinions in Its Brief.*

Zurich takes liberties with the actual evidence in an attempt to bolster Campbell's expertise regarding the practice of law in South Dakota and in defending bad faith insurance cases. The following provides some examples:

- Zurich claims "Campbell has defended bad faith cases." (Zurich's Motion to Exclude Brief at p.2).

    o Zurich ignores that these cases were general contract cases involving allegations of good faith and fair dealing rather than insurance bad faith cases. (Campbell Depo. at p.8). According to Campbell's deposition, he only could remember "suing an insurance company for bad faith and fair dealing" once. (*Id.*). Campbell could not recall ever defending an insurance company in a bad faith case.

- Zurich uses a partial quote from Campbell's deposition to suggest that Campbell opined that the Model Rules of Professional Conduct that he relied upon in setting the standard of care are substantially similar the South Dakota's version of the Rules of Professional Conduct. Specifically, Zurich points to Campbell's statement: "I'm not aware of any substantial difference with respect to the standard of care rules he's citing between South Dakota and the rest of the country." (Zurich's Motion to Exclude Brief at p.2 (citing Campbell Depo. at p.21:18–20)).

    o When Campbell's complete answer is read in context, however, the answer shows that Campbell did not even know whether he was applying the Model Rules of Professional Conduct or South Dakota's version of the ethical rules. (Campbell Depo. at p.21). Of course, without even knowing which rule his opinions were based upon, he stated that he was **not aware** of any substantial differences between the rules. Campbell simply did not know if the Model Rules of Professional Conduct or South Dakota's version of the ethical rules were the same or not.

- Zurich argues that Campbell testified that the standard of care he applied is "no different than a national standard." (Zurich's Motion to Exclude Brief at pp.3, 6).

  o Campbell never offered this testimony in his deposition or his report. Instead, Campbell stated that he did not know if any differences existed between South Dakota ethical rules and the standard of care he claims was set by the applicable ethical rules. (Campbell Depo. at p.21).

The undisputed record establishes that Campbell has no experience in South Dakota, and he took no steps to familiarize himself with South Dakota. Because the standard of care is a statewide standard of care in this case, Campbell is not qualified to opine on the standard of care.

F. *Zurich's Argument that the Motion to Strike is Premature.*

Zurich argues that the motion to exclude Campbell's testimony is essentially a summary judgment motion, and that it is premature because the deadline for motions in limine has not been set yet. (Zurich's Motion to Exclude Brief at p.6). As this Court knows, however, *Daubert* motions regarding admissibility of expert testimony are customarily filed in the District of South Dakota at the same time as motions for summary judgment. Moreover, Zurich provides no legal support for its position that this Court cannot consider a motion to exclude an expert in conjunction with a motion for summary judgment. Instead, Zurich cites *Louzon v. Ford Motor Co.*, 718 F.3d 556 (6th Cir. 2013) (Zurich's Motion to Exclude Brief at p.6). This case is wholly inapplicable. In *Louzon*, the Sixth Circuit held that a party cannot use a motion in limine to adjudicate summary judgment issues and thereby circumvent the summary judgment procedural safeguards. *Id.* at 561–63. Nothing in *Louzon* prevents a court from considering a motion to strike an expert's opinions at the same time as a motion for summary judgment. This Court, thus, should consider this motion, strike Campbell's opinions, and grant Attorney Defendants' request for summary judgment.

## CONCLUSION

Based on the foregoing, Attorney Defendants respectfully request the Court grant Attorney Defendants' motion to exclude the expert opinions of Campbell.

Dated this 8th day of March, 2023.

*/s/ Jason R. Sutton*
Jason R. Sutton
Kristin N. Derenge
BOYCE LAW FIRM, LLP
300 S. Main Avenue/P.O. Box 5015
Sioux Falls, SD 57117-5015
(605) 336-2424
jrsutton@boycelaw.com
knderenge@boycelaw.com
Attorneys for Defendants